**William Brady TRIGG, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Feb. 13, 1975.

Certiorari Denied by Supreme Court
April 14, 1975.

Walker Gwinn, Memphis, for appellant.

R. A. Ashley, Jr., Atty. Gen., William J. Haynes, Jr., Asst. Atty. Gen., Nashville, for appellee.

## OPINION

GALBREATH, Judge.

We have here an appeal from the dismissal without an evidentiary hearing of the petitioner's claim that he should be allowed credit for time spent in jail and in a federal prison prior to his 1971 conviction in the Shelby County Criminal Court for armed robbery and resulting sentence of ten years ordered served concurrently with the federal sentence then being served.

The trial judge had jurisdiction to decide the issue and correctly dismissed the pro se application because it did not set forth any grounds upon which the court could have predicated relief. T.C.A. § 40–3809, Porter v. State, 2 Tenn.Cr.App. 437, 455 S.W.2d 159.

Taken as true all of the facts detailed above relating to the petitioner's incarceration in a federal reformatory and jail in Shelby County after Tennessee authorities instituted prosecution, no credit for such confinement would accrue to him under the provisions of T.C.A. § 40–3102 giving one detained an absolute right to credit for time in jail in "which he was committed pending his arraignment and trial" and "for the time he served in the jail, workhouse or penitentiary subsequent to any conviction *arising out* of the original offense for which he was tried."

**376**

This Court dealt with this issue in State v. Mitchell, Jackson, September, 1973. In denying Mitchell credit for time spent in jail in Shelby County after being returned to Tennessee from a federal institution in another State to be tried for forgery, Judge Robert K. Dwyer said:

"The intent of the legislature in passing TCA 40–3102 was to insure that defendants in custody, who are unable to make bond prior to trial and on appeal, are to be given credit for such time served. It obviously was passed to prevent invidious discrimination between persons of means and those of none. The appellee should not be given dual credit for the time served when he was returned in accordance with the agreement entered into between federal and state authorities under TCA 40–3102. Indeed, his petition for credit under these circumstances is astride the clear mandate of TCA 40–3901, Article V, subsection (f) which provides that his time continues to run, as here, on the federally imposed sentence, while he is in temporary custody."

This writer pointed out in an opinion concurring with Judge Dwyer:

"The time in controversy here was not spent in jail because of the 'impending arraignment or trial' or 'any conviction arising out of the original offense for which he was tried' as contemplated by provisions of TCA § 40–3102. He was being detained in jail because of the valid sentence he was serving at the time. He could not have been enlarged on bail. He could not have been released if acquited. In short, his imprisonment was not the result of the offense of the sentence on which the trial judge [could] give him credit."

■■ Trigg was behind bars because he had been sentenced to a period of confinement by a federal court. Nothing intervened to interrupt the serving of that federal sentence. He was deprived of his liberty for exactly the same reason while awaiting disposition of the Tennessee case as he would have been if able to make bond on the latter charge. It is only when the time spent in jail or prison is due to or, as the statute says, "arises out of" the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right.

Judge Robert K. Dwyer did not participate in this decision.

Affirmed.

O'BRIEN, J., concurs.