# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

RICKY EARLS,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Appellant,　　　　　　　　　)　C.C.A. NO. 01C01-9710-CR-00500
　　　　　　　　　　　　　　　　　　)　(No. 2640 Below)
VS.　　　　　　　　　　　　　　　　)　DAVIDSON COUNTY
　　　　　　　　　　　　　　　　　　)
RICKY BELL, WARDEN,　　　　　　　)　The Hon. Seth Norman
　　　　　　　　　　　　　　　　　　)　(Dismissal of Habeas Corpus Petition)
　　　　Appellee.　　　　　　　　　　)　AFFIRMED PURSUANT TO RULE 20

**FILED**

July 30, 1998

Cecil W. Crowson
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Upon reviewing the record and the pleadings in this case, we find that it is an appropriate matter for affirmance under Rule 20.

From the record, it appears that the petitioner pled guilty to several offenses in Bedford County on November 10, 1994, and was sentenced to an effective sentence of five years. The record also reflects that the petitioner was sentenced for a parole violation at the same time. Thereafter, the judgments in Bedford County were set aside, and eventually, the indictment for these charges was dismissed based on the grand jury returning a superseding indictment. Subsequently, the petitioner appears to have pled guilty to larceny and theft, receiving an effective sentence of three years. The petitioner also pled guilty to burglary in Coffee County on May 8, 1996, and received a concurrent three-year sentence. Although not in the record, there is a certified copy of an order dismissing the case attached to the petitioner's brief.

On October 9, 1997, the petitioner filed a habeas corpus petition, arguing that time served and credits earned on his sentences that were set aside in Bedford County should be applied to his more recent sentences from Coffee County. In denying relief, the trial court held that after reviewing the Coffee County judgments at face value, the sentences had not expired. Although the petitioner is currently released on parole, he argues that parole constitutes a restraint.

It is a well-established principle of law that the remedy of habeas corpus is

limited in its nature and its scope. <u>Archer v. State</u>, 851 S.W.2d 157, 161-162 (Tenn.1993); <u>Passarella v. State</u>, 891 S.W.2d 619, 626 (Tenn. Crim. App.1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered,' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn.1993) (citation omitted in original). In the present case, on the face of the judgments, the petitioner's sentence has not expired. Time served on other offenses, regardless of whether those convictions have since been reversed, is not relevant. <u>See</u>, <u>e.g.</u>, <u>Trigg v. State</u>, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975).

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the appeal is dismissed. It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE