IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs October 16, 2002

## STATE OF TENNESSEE v. JAMES THOMAS ERWIN

**Direct Appeal from the Criminal Court for Putnam County**
**No. 00-0170 & 99-0561     Lillie Ann Sells, Judge**

---

**No. M2001-01581-CCA-R3-CD - Filed March 28, 2003**

---

The defendant contends the trial court erred in sentencing him to eleven years for a Class B felony of selling a Schedule II controlled substance, instead of the presumptive minimum sentence of eight years. The defendant also contends the trial court erred in ordering his sentences to run consecutive to a sentence in another county. Absent a sentencing hearing transcript, we conclude the record is inadequate for appellate review, and we must presume the sentences imposed for the Class B felony are correct. Moreover, we note the judgment forms reflect the defendant was sentenced to eleven years on two additional Class C felony convictions of selling less than .5 grams of a Schedule II controlled substance. These sentences exceed the statutory range of punishment prescribed for Class C felonies and are illegal. We affirm the judgment from the trial court as related to the defendant's Class B felony convictions and remand the defendant's two Class C felony convictions for correction or for resentencing within the proper statutory range of punishment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court**
**Affirmed as Modified**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

David Neal Brady, District Public Defender, and H. Marshall Judd, Assistant Public Defender, for the appellant, James Thomas Erwin.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William Edward Gibson, District Attorney General; and John A. Moore and David A. Patterson, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

On November 16, 1999, a Putnam County Grand Jury indicted the defendant, James Thomas Erwin, case number 99-0561, on two counts of selling a controlled substance, in violation of

Tennessee Code Annotated section 39-17-417. On March 17, 2000, a Putnam County Grand Jury indicted the defendant, case number 00-0170, on three counts of selling a controlled substance, in violation of Tennessee Code Annotated section 39-17-417. Count one of case number 99-0561 was dismissed, and the defendant pled guilty to Count two of selling more than .5 grams of a controlled substance, a Class B felony. Count two of case number 00-0170 was dismissed, and the defendant pled guilty to Count one and Count three of selling less than .5 grams of a controlled substance, each a Class C felony. Pursuant to the plea agreement, the defendant's sentences were to run concurrent with each other. The length and manner of service were left to the discretion of the trial court.

Absent a sentencing hearing transcript, we conclude the record is inadequate for appellate review, and we must presume the sentences imposed for the Class B felony are correct. The defendant contends the trial court erred in sentencing him to eleven years for the Class B felony of selling a Schedule II controlled substance, instead of the presumptive minimum sentence of eight years. The defendant also contends the trial court erred in ordering his sentences to run consecutive to a sentence in another county. The judgment forms reflect that the defendant was sentenced to eleven years on his two Class C felony convictions of selling less than .5 grams of a Schedule II controlled substance. These sentences exceed the statutory range of punishment prescribed for Class C felonies and are illegal. We affirm the judgment from the trial court as related to the defendant's Class B felony convictions and remand the defendant's two Class C felony convictions for correction or for resentencing within the proper statutory range of punishment.

## I. Analysis

The defendant argues the trial court erred in sentencing him to eleven years imprisonment and erred in running his sentences consecutive to his sentence in Smith County. The defendant asserts that he is legally entitled to the presumptive minimum sentence of eight years, since the State did not seek any enhancement factors. The defendant alleges the trial court erred in running the sentence at issue consecutive to his sentence in Smith County, because this has resulted in a loss of jail credit for time served. In the instant case, we have the transcript of the guilty plea submission hearing and the last part of the sentencing hearing which dealt with the proper jail credit issue only. The essential portion of the sentencing hearing which contained the introduction of the presentence report, the testimony of witnesses, and the rulings and findings of fact of the trial court were not contained in this record.[1] We conclude the record is inadequate for appellate review and must presume the judgments of the trial court are correct.

However, we note that the defendant's two Class C conviction judgment forms impose a

---

[1] The record reflects that the trial court conducted the main portion of the defendant's sentencing hearing on March 26, 2001. The defendant claims that a portion of the sentencing hearing is missing, due to water damage resulting from water leaks in the Putnam County storage facilities. The record contains the affidavit of Phyllis Baker, court reporter for the State of Tennessee, which attests to the water damage of the records from the April 27, 2001, sentencing hearing only.

sentence of eleven years on each. The appropriate sentence for a Range I standard offender for the sale of a controlled substance, a Class C felony, is three to six years. Tenn. Code Ann. § 40-35-112(a)(3). The judgment forms clearly provide for a sentence outside the appropriate range of punishment, which is plain error. We do not have the record which would demonstrate what sentence the trial court imposed at the sentencing hearing, whether the trial court erred in sentencing, or whether the trial court erred in transposing the appropriate sentence to the judgment forms. Therefore, we remand for correction of the judgment forms of the Class C felonies.

Next, the defendant contends the trial court abused its discretion by ordering him to serve the sentence at issue consecutively to his Smith County sentence. Because the second portion of the sentencing hearing addresses the issue of consecutive sentencing, we will review this issue. Consecutive sentencing may be imposed in the discretion of the trial court upon a determination that one or more of the following criteria exist:
> (1)  The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
> (2)  The defendant is an offender whose record of criminal activity is extensive;
> (3)  The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist . . . ;
> (4)  The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
> (5)  The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor . . . ;
> (6)  The defendant is sentenced for an offense committed while on probation; or
> (7)  The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b)(1)-(7) (1997). The record indicates that the trial court imposed consecutive sentencing based on a determination that the defendant had committed the present offenses while on probation. See Tenn. Code Ann. 40-35-115(b)(6). Furthermore, the defendant's plea agreement did not contain any language prohibiting consecutive sentencing relating to convictions from other jurisdictions. We find the trial court did not abuse its discretion in ordering the defendant to serve this sentence consecutively to his Smith County sentence.

The defendant argues that he should have received pretrial jail credit for the time he served in Smith County. We respectfully disagree. Tennessee Code Annotated section 40-23-101(c) (2002) provides for credits against the sentence only if the incarceration, claimed as a basis for the credits, arises from the offense for which the sentence was imposed. The trial court granted the defendant jail credit for the time he spent in confinement for the present offenses, from November 16, 1999, to the time he posted bond on December 1, 1999. The trial court granted the defendant jail credit for his time in confinement upon his return from Smith County on June 2, 2000. It is only when the time spent in jail or prison is due to, or arises out of, the original offense against which the claim is credited that such an allowance becomes a matter of right. See Trigg v. State, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975). This Court has repeatedly rejected "double dipping" for credits from periods of continuous confinement for two separate and unrelated charges. See Christopher Johnson

v. Tennessee Department of Correction, 1996 Tenn. App. LEXIS 448, No. 95-2065-II (Tenn. Ct. App., at Nashville, filed Aug. 7, 1996).  We conclude that this defendant is not entitled to credits from a period of continuous confinement in this state for two separate and unrelated charges.  Should the defendant argue the merits of any jail reduction credits, he should address his concerns through the Uniform Administrative Procedures Act (APA).  See Tenn. Code Ann. § 4-5-101 to -325.

## II. Conclusion

For the aforementioned reasons, we affirm the judgment from the trial court as it relates to the defendant's Class B felony conviction.  Due to the trial court's error in sentencing the defendant outside the appropriate range for his two Class C felony convictions, we remand his Class C convictions for resentencing within the appropriate range of punishment.

_____
JOHN EVERETT WILLIAMS, JUDGE