IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2004

## STATE OF TENNESSEE v. TIMOTHY MAURICE REYNOLDS

**Direct Appeal from the Circuit Court for Giles County**
**No. 8369     Jim T. Hamilton, Judge**

---

**No. M2003-02551-CCA-R3-CD - Filed February 10, 2005**

---

The defendant was convicted of aggravated robbery, a Class B felony, and sentenced as a Range I, standard offender to eight years in the Tennessee Department of Correction ("TDOC"). On appeal, he asserts the trial court should have given him pretrial jail credit for time served in federal prison on an unrelated federal conviction. Following our review, we affirm the sentence but remand for entry of a corrected judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of a Corrected Judgment**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Claudia S. Jack, District Public Defender, and Robert H. Stovall, Jr., Assistant Public Defender, for the appellant, Timothy Maurice Reynolds.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; T. Michael Bottoms, District Attorney General; and Patrick S. Butler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS AND PROCEDURAL HISTORY

This is the third time the defendant has been before this court. The defendant was arrested on June 30, 1997, for aggravated robbery.[1] While awaiting trial in the Giles County Jail, the

---

[1] The defendant testified at his September 26, 2003, resentencing hearing that he was originally arrested on June 30, 1997, and the trial court stated that its notes reflected an arrest date of June 30, 1997. The trial court could have been referring to the presentence report, which also reflected an arrest date of June 30, 1997. The State agreed that June 30,

(continued...)

defendant was apparently released into the custody of federal authorities on August 25, 1997, on an unrelated bank robbery charge. He subsequently pled guilty to the federal charge and was sentenced to eighty months in the federal prison. On August 31, 1998, the defendant was convicted by a Giles County jury of aggravated robbery, and he was sentenced as a Range I, standard offender to twelve years in the TDOC. On direct appeal, we reversed the trial court and remanded for a new trial based on a violation of the right to counsel and failure to charge the jury on lesser-included offenses. State v. Timothy M. Reynolds, No. M1998-00059-CCA-R3-CD, 2000 WL 14702, at *6 (Tenn. Crim. App. Jan. 7, 2000). On January 17, 2001, the defendant was again convicted by a jury and was sentenced to twenty years in the TDOC as a Range II, multiple offender, with the sentence to run consecutively to his unrelated federal sentence. He again appealed, alleging insufficiency of the evidence, trial court error in the exclusion of certain comments in defense counsel's closing arguments, and sentencing error. We affirmed the conviction, but because the record, through no fault of either party, did not contain certain exhibits "essential" to sentencing the defendant as a Range II, multiple offender, we remanded for resentencing. State v. Timothy Maurice Reynolds, No. M2001-00900-CCA-R3-CD, 2002 WL 31757484, at *1 (Tenn. Crim. App. Dec. 6, 2002). The defendant apparently completed his federal sentence and was returned to Giles County on June 23, 2003. The trial court conducted a resentencing hearing on September 26, 2003, and sentenced the defendant to eight years as a Range I, standard offender. He was granted pretrial jail credit from June 30, 1997 to August 25, 1997, and from June 23, 2003 to September 26, 2003.

## ANALYSIS

The defendant argues he should have received jail credit on his Tennessee sentence for the entire eighty months he was in federal prison on the unrelated bank robbery charge because Tennessee had "relinquished primary custody to the federal government." We disagree.

We begin our analysis by noting that the defendant did not raise this issue at his trials, his prior sentencing hearing, or in either prior appeal to this court, even though he was in federal prison during the entire period. He did challenge his sentencing classification as a Range II, multiple offender in his second appeal to this court, and we noted that "the trial court . . . ordered the sentence to run consecutively to an unrelated federal sentence," a decision which the defendant did not challenge in that appeal. Timothy Maurice Reynolds, 2002 WL 31757484, at *2. Nonetheless, because the record does not contain either the original judgment form or the judgment form on retrial, we will limit our review to the present sentence and judgment form and address the merits of the defendant's contention.

Tennessee Code Annotated section 40-23-101(c) provides that a defendant is entitled to receive credit, toward his ultimate sentence, for time spent in jail awaiting disposition:

---

[1](...continued)
1997, was the original arrest date; however, the resentencing judgment form reflects pretrial credit from June 25, 1997. As discussed *infra*, the judgment form should reflect pretrial jail credit from June 30, 1997, the initial date of confinement in the Giles County Jail.

The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Tenn. Code Ann. § 40-23-101(c) (2003). In Trigg v. State, 523 S.W.2d 375 (Tenn. Crim. App. 1975), we interpreted this statute to preclude relief for a state prisoner seeking pretrial jail credit for time served on an unrelated federal sentence, holding that "[i]t is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." Id. at 376. In State v. Frederick Cavitt, No. E1999-00304-CCA-R3-CD, 2000 WL 964941 (Tenn. Crim. App. July 13, 2000), we observed that this statute does not contemplate pretrial jail credit for an unrelated federal sentence:

This Court has repeatedly held that § 40-23-101(c) provides for credits against the sentence only if the incarceration, claimed as the basis for the credits, arises from the offense for which the sentence was imposed. The statute does not secure pretrial jail credits when a defendant: (1) *confined in Federal Prison on separate federal convictions is tried and found guilty of a Tennessee state charge*; (2) is convicted and incarcerated in another state after escaping the Tennessee prison system; or (3) escapes confinement in Tennessee, is arrested and acquitted of charges in another state, and resists extradition back to Tennessee for nearly one year.

Id. at *2 (emphasis added) (citing State v. Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983); Majeed v. State, 621 S.W.2d 153, 154-55 (Tenn. Crim. App. 1981); Trigg, 523 S.W.2d at 376).

In the present case, the defendant was incarcerated in federal prison for bank robbery, a conviction that was in no way related to the state conviction for aggravated robbery, which is the subject of the present appeal. Therefore, he is not entitled to any pretrial jail credit on his state sentence for time served in federal prison. The defendant's reliance on Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002), is misplaced. In Weekes, the United States Court of Appeals for the Tenth Circuit, construing *federal* statutes, determined that the inmate was owed credit on his *federal* sentence, which was interrupted when he was returned to Idaho to serve a state sentence, because Idaho had relinquished primary custody to the United States and the United States was under no duty to return the inmate to state custody after federal sentencing. We first note that the inmate in Weekes

began his federal sentence, was transported to Idaho to complete a state sentence, and was then transferred back to federal prison to complete that sentence. Additionally, the state sentence in Weekes provided specifically that it was to be served concurrently with the federal sentence. In the present case, the defendant's state sentence had not even been imposed when he was transported to federal prison and he was returned to Tennessee to begin his state sentence only after his federal sentence had fully expired. In addition, the defendant's twenty-year state sentence, which we remanded, and his eight-year sentence, the subject of the present appeal, were both to be served consecutively to the federal sentence. This was proper pursuant to Rule 32(c)(2) of the Tennessee Rules of Criminal Procedure, which states in pertinent part:

> If the defendant has additional sentences or portions thereof to serve, as the result of conviction in other states or in federal court, the sentence imposed shall be consecutive thereto unless the court shall determine in the exercise of its discretion that good cause exits to run the sentences concurrently and explicitly so orders.

As an additional matter, the defendant cites no authority, other than Weekes, for the proposition that "[i]f . . . he was transferred under a writ of habeas corpus prosequendum," then "the state should be required to produce that document or give him credit for the time spent in the federal system." The record is devoid of any documents relating to the transfer of the defendant to the federal system, the federal indictment, the federal judgment, or documents relating to his federal sentence. The only original document in the record that even evidences the defendant's federal incarceration is a Federal Bureau of Prisons "Inmate Request To Staff" form dated April 11, 2002, and filled out by the defendant. We cannot conclude from the record that the exercise of jurisdiction over the defendant by the United States Government was somehow improper or that the State of Tennessee is now required to credit the defendant time on his sentence for an unrelated federal charge.

Finally, the judgment form reflects that the defendant was given pretrial jail credit for the periods of June 25, 1997 to August 25, 1997, and from June 23, 2003 to September 26, 2003. However, by the defendant's testimony at the sentencing hearing, he was not arrested and incarcerated until June 30, 1997. No explanation is given in the record for this oversight, and we conclude that the defendant was given five days credit he did not earn.

## CONCLUSION

Following our review of the record, we affirm the eight-year sentence imposed by the trial court but remand for entry of a corrected judgment to reflect that the pretrial jail credit to which the defendant is entitled ran from June 30, 1997 to August 25, 1997, and from June 23, 2003 to September 26, 2003.

_____
ALAN E. GLENN, JUDGE