IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2005

## STATE OF TENNESSEE v. EARL D. MILLS - July 5, 2005

### Direct Appeal from the Criminal Court for Knox County
### No.78215    Ray L. Jenkins, Judge

---

### No. E2004-01218-CCA-R3-CD

---

The appellant, Earl D. Mills, pled guilty to vehicular homicide. As a result of the guilty plea, the remaining nine (9) counts of the indictment were either merged with the vehicular homicide conviction or nolle prossed by the State. The trial court sentenced the appellant to twelve (12) years as a multiple offender. At the sentencing hearing, the appellant sought pre-trial jail credit for the 197 days he spent in jail prior to his guilty plea. The trial court denied the request because the appellant was serving a sentence on an unrelated probation violation charge while awaiting trial on the charges arising out of the indictment for vehicular homicide. The appellant filed a motion to reconsider. The trial court granted the motion and awarded the appellant thirty-six (36) days of jail credit. However, the appellant insists he should receive credit for the entire 197 days. For the following reasons, we affirm the judgment of the trial court.

#### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and JAMES CURWOOD WITT, JR., JJ., joined.

Mark E. Stephens, District Public Defender and Robert C. Edwards, Assistant Public Defender, Knoxville, Tennessee, for the appellant, Earl Mills.

Paul G. Summers, Attorney General & Reporter; William G. Lamberth, II, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Jo Helm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On September 30, 2003, the appellant was indicted by the Knox County Grand Jury with a ten (10) count indictment charging the appellant with: (1) three (3) alternative theories of vehicular homicide; (2) failure to yield; (3) failure to render aid; (4) failure to give information; (5) driving on a suspended license; (6) driving on a revoked license; (7) driving on a canceled license; and (8) driving without a license in possession.

On April 15, 2004, the appellant pled guilty to vehicular homicide as stated in count one of the indictment. The facts were stated by the prosecuting attorney at the guilty plea hearing as follows:

> On August 21st, 2003, about 10:30 in the morning, the victim, Michael England, was going northbound on Clinton Highway. The defendant was going southbound and was attempting to turn into Lowe's on Clinton Highway.
>
> The defendant pulled into the turn lane and stopped, and as a motorcycle came past, he pulled into the side of the motorcycle, immediately ejecting Michael England from that motorcycle off to the side of the road.
>
> The defendant no doubt could have seen what had happened, but he kept driving for about 80 feet because - and stopped only because the motorcycle was lodged under the front of his car.
>
> There were three witnesses to this. After the defendant stopped and tried to get the motorcycle out from underneath the car, they prevented him from leaving further.
>
> The police were called; investigation ensued. . . . [The appellant's] blood was drawn. He registered a .10.
>
> It would be further proof that all these events occurred in Knox County.

In conjunction with the guilty plea, the trial court heard testimony from Jennifer England, the victim's wife. She read a prepared statement to convey the loss that she and her two (2) sons suffered as a resulted of the appellant's actions. The victim's mother, Wanda England also testified as to the impact of the victim's death on her life. She asked the trial court to sentence the appellant to the maximum possible sentence on all counts.

After hearing the proof and accepting the appellant's guilty plea, the trial court sentenced the appellant to twelve (12) years as a Range II multiple offender. The trial court initially indicated that the appellant would receive "credit for the prior service of 197 days" that the appellant had served

prior to the entry of the plea.[1] However, the State objected to the issuance of the jail credit, because the 197 days were part of a sentence for a probation violation that the appellant was serving. Counsel for the appellant argued that the credits should be applied as concurrent. The trial court denied the request and refused to give the appellant any jail credit.

The appellant subsequently filed a motion to reconsider. He requested that the trial court reconsider the denial of jail credits, arguing that the credits should be awarded as part of his plea agreement.[2] At argument, counsel for the appellant admitted that he assumed the jail credits would be applied when the trial court accepted the plea agreement.

The parties stipulated that the appellant was charged with aggravated vehicular homicide on October 1, 2003, and was placed in the Knox County Sheriff's Detention Facility that day. On October 3, 2003, the appellant was charged with violation of probation on two (2) prior DUI offenses. The trial court set bond in the vehicular homicide case at $100,000. The appellant failed to make bond, and remained in custody until the entry of the guilty plea. During the time he was incarcerated, the appellant reached a resolution in his violation of probation charges that required him to serve eight (8) months in order to complete the sentence for violation of probation.

At the hearing on the motion to reconsider, the appellant argued that his sentence for violation of probation expired on March 9, 2004, and that he did not plead guilty to vehicular homicide until April 15, 2004. The appellant requested that the trial court issue jail credit for the entire 197 days that he was incarcerated prior to the entry of the guilty plea. The appellant conceded that the misdemeanor sentences made no reference to the pending felony vehicular homicide case and that the plea agreement made no mention of jail credit.

The State argued that "concurrent" jail credit was never a part of the plea agreement and pointed to the transcript of the guilty plea hearing where the attorney for the State objected to the issuance of any type of jail credit. The State conceded that the appellant completed his sentence for the violation of probation on March 9, 2004, and submitted that the trial court had the discretion to award the appellant thirty (30) plus days of jail credit from the expiration of his probation violation sentence to April 15, 2004.

At the conclusion of the hearing, the trial court granted the motion to reconsider and awarded the appellant thirty-six (36) days of jail credit, from March 9, 2004, to April 15, 2004.

The appellant filed notice of appeal within thirty (30) days of the entry of the guilty plea, challenging the trial court's decision to award only thirty-six (36) days of jail credit, but not the entire 197 days.

_____

[1]The appellant was placed in jail on October 1, 2003.

[2]The appellant was still in jail at the time the motion to reconsider was filed. Thus, the trial court had jurisdiction to amend the appellant's sentence. Tenn. Code Ann. sec 40-35-212(d).

<u>Analysis</u>

The appellant contends on appeal that the trial judge was required to order jail credit and failed to do so. Further, the appellant argues that because there was "no statement on the record to the effect as to whether or not they [the sentences in the prior probation violation cases] were concurrent or consecutive to the sentence received in the vehicular homicide case, [the sentences] are presumed to be concurrent." The State contends that the trial court properly denied the appellant's motion to issue jail credits for the entire time he was incarcerated prior to pleading guilty to vehicular homicide. We agree.

Tennessee Code Annotated section 40-23-101(c) provides that:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse, or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Tenn. Code Ann. § 40-23-101(c). As written, the statute provides for credits against the sentence only if the incarceration, claimed as a basis for the credits, arises from the offense for which the final sentence was imposed.

In the case herein, the appellant was charged with aggravated vehicular homicide on October 1, 2003. On October 3, the appellant was charged with violation of probation stemming from two (2) prior unrelated DUI convictions. The General Sessions Court ordered the appellant to serve eight (8) months to complete his sentence on the DUI convictions. The trial court herein granted the appellant jail credit for the time he spent in confinement for the vehicular homicide conviction, from March 9, 2004, the date on which his sentence for probation violation expired, to April 15, 2004, the date on which he was sentenced on the vehicular homicide conviction. The appellant seeks concurrent jail credit for the vehicular homicide conviction for the time he spent in jail on the unrelated probation violation charges. It is only when the time spent in jail or prison is due to, or arises out of, the original offense against which the claim is credited that such an allowance becomes a matter of right. <u>See</u> <u>Trigg v. State</u>, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975). This Court has repeatedly rejected "double dipping" for credits from periods of continuous confinement for two (2) separate and unrelated charges. <u>See</u> <u>e.g.</u> <u>State v. Michael Bikrev</u>, No. M2001-01620-CCA-R3-CD, 2002 WL 170734 (Tenn. Crim. App., at Nashville, Feb. 4, 2002); <u>State v. Frederick Cavitt</u>, No. E1999-00304-CCA-R3-CD, 2000 WL 964941 (Tenn. Crim. App., at Knoxville, July 13, 2000). We conclude that the appellant is not entitled to credits from a period of continuous confinement in this state for separate and unrelated charges. The trial court properly credited the appellant for only the

thirty-six (36) days he was incarcerated after the expiration of the unrelated probation violation sentence. This issue is without merit.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

                                   _____

                                   JERRY L. SMITH, JUDGE