IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015

## STATE OF TENNESSEE v. AUSTIN F. BUSHA

**Appeal from the Circuit Court for Sevier County**
**No. 13492     Richard R. Vance, Judge**

_____

### No. E2014-01876-CCA-R3-CD-FILED-AUGUST 10, 2015

_____

Appellant, Austin F. Busha, filed a Tennessee Rule of Criminal Procedure 36.1 motion contesting the legality of his sentence in case number 13492. The trial court summarily dismissed the motion, ruling that it did not have jurisdiction to correct appellant's expired sentence. Appellant submits that the trial court's ruling was error, and the State concedes. Because the award of pretrial jail credits lies strictly within the jurisdiction of the trial court, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Austin F. Busha, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; James B. Dunn, District Attorney General; and Emily F. Abbott, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On September 30, 2008, appellant pleaded guilty to the attempted sale of oxycodone, a Class D felony, in exchange for a two-year sentence with credit for time served. The sentence was ordered to be served consecutively to other sentences. According to the plea agreement, appellant's time served equaled 120 days. However, the judgment form does not list any pretrial jail credits.

On July 7, 2014, appellant filed a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1. The basis for his motion was that he did not receive the pretrial jail credit to which he was entitled. The trial court summarily dismissed the motion, stating that it did not have jurisdiction to address the jail credit issue, and appellant now appeals.[1]

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that

---

[1] Appellant filed an untimely notice of appeal; "however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). Under the circumstances of this case, we waive the timely filing of the notice of appeal.

the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness. *State v. Dusty Ross Binkley*, No. M2014-01173-CCA-R3-CD, 2015 WL 2148950, at *2 (Tenn. Crim. App. May 7, 2015). Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." *State v. Omar Robinson*, No. E2014-00393-CCA-R3-CD, 2014 WL 5393240, at *2 (Tenn. Crim. App. Oct. 22, 2014); *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014); *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014).

Because the trial court dismissed appellant's motion based on lack of jurisdiction, we must first address whether the failure to award pretrial jail credits is a matter properly addressed to the criminal courts of this state and ultimately this court. "[C]laims 'relative to the calculation of sentencing credits and parole dates' must be reviewed pursuant to the Uniform Administrative Procedures Act." *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009) (quoting *Mark Grimes v. Tony Parker, Warden*, No. W2007-00169-CCA-R3-HC, 2008 WL 141129, at *3 (Tenn. Crim. App. Jan. 14, 2008)). However, this statement is inapplicable to a review of the award of or failure to award pretrial jail credits. *Id.* In discussing this issue, we have held:

Unfortunately, this Court has far too often conflated sentence reduction credits, which are governed solely by the Department of Correction, with pretrial and post-judgment jail credits, which can be awarded only by the trial court. As a result, some of the opinions of this court erroneously hold

-3-

that a petitioner may only challenge the trial court's failure to award pretrial jail credits via the Uniform Administrative Procedures Act.

*Id.* Because the award of pretrial jail credits lies strictly within the jurisdiction of the trial court rather than the Department of Correction, "any resort to administrative avenues of relief to address the trial court's failure to award pretrial jail credits would be futile." *Id.* Moreover, "'the trial court is required at the time of sentencing to allow a defendant pretrial jail credit. The [Department of Correction] is powerless to change what the trial court awarded or failed to award.'" *Id.* (quoting *State v. Greg Smith*, No. E2003-01092-CCA-R3-CD, 2004 WL 305805, at *2 (Tenn. Crim. App. Feb. 18, 2004) (Tipton, J., concurring)). Therefore, appellant's claim that he is entitled to relief because the trial court failed to award pretrial jail credit that he allegedly earned pursuant to Tennessee Code Annotated section 40-23-101(c) was within the jurisdiction of the trial court.

Moreover, the failure to award pretrial jail credits is not merely a clerical error but rather an illegal sentence. *See George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *5 (Tenn. Crim. App. Dec. 19, 2013). Tennessee Code Annotated section 40-23-101(c) provides:

The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

"'The language [of Code section 40-23-101(c)] leaves no room for discretion, and when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary.'" *Tucker*, 335 S.W.3d at 123 (quoting *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965)). Thus, pursuant to the statute, a pretrial detainee has "'*an absolute right* to credit for time in jail'" spent in pretrial incarceration arising out of the original offense for which he was convicted. *Id.* (quoting *Trigg v. State*, 523 S.W.2d 375, 375 (Tenn. Crim. App. 1975)). However, "'[i]t is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right.'" *Id.* (quoting *Trigg*, 523 S.W.2d at 376). "Thus, the trial court is statutorily required to credit the defendant with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged convictions." *Id.* Because

-4-

of this statutory requirement, the failure to award earned pretrial jail credits results in an illegal sentence.

Appellant in this case alleges that he did not receive pretrial jail credits to which he was entitled and that the award of the pretrial jail credits was a material part of his plea agreement. If appellant's allegations were true, he would be entitled to relief, as the State concedes. Therefore, we conclude that he stated a colorable claim. Appellant should be granted a hearing and, if proven indigent, have counsel appointed to represent him.

## CONCLUSION

Based on the foregoing, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE