IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 4, 2016

**STATE OF TENNESSEE v. JUSTIN T. KNOX**

**Appeal from the Circuit Court for Madison County**
**Nos. 07-666, 03-709    Roy B. Morgan, Jr., Judge**

_____

**No. W2016-00617-CCA-R3-CD  -  Filed December 28, 2016**

_____

Petitioner, Justin T. Knox, appeals the trial court's dismissal of his "Motion to Correct Sentence Calculation." The trial court found both sentences had expired and thus the motion was moot. Upon our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Justin Terrell Knox.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

From what can be gathered from a very sparse record, it appears that in 2004, Petitioner was convicted in case number 03-709 of a drug offense involving a schedule II drug and received a sentence of eight years.[1] In 2008, Petitioner was convicted in case number 07-666 of another drug offense involving cocaine and received a sentence of two years' probation to be served consecutively to his sentence in case number 03-709. Petitioner is currently serving a sentence of six years for an unrelated aggravated statutory rape in case number 14-164.

On February 22, 2016, Petitioner filed a pleading styled "Motion to Correct Sentence Calculation." According to the petition, Petitioner was informed by the trial

---

[1] The judgment from this conviction is not included in the record on appeal.

court when he entered his plea in case number 07-666 that he would begin serving that sentence when he was released from jail on case number 03-709. In March 2010, Petitioner was released on parole in case number 03-709. Petitioner asserted that his probationary sentence in case number 07-666 should have begun in March 2010 and expired in March 2012. Petitioner received a probation violation in case number 07-666 on June 6, 2013 and his probation was revoked in August 2013. Petitioner argued that he was illegally under the supervision of the Board of Probation and Parole from March 2012 until August 2013 and, therefore, he should receive jail credits from March 2012 through June 16, 2014, on his six-year sentence for aggravated statutory rape.

The State filed a response, arguing that the motion was moot because the sentence in case number 07-666 was expired. Additionally, the State noted that Petitioner's sentence in 03-709 did not expire until July 2012, making his sentence in 07-666 effective until July 2014. Therefore, Petitioner was still lawfully on probation at the time his probation was revoked in August 2013. The State argued that Petitioner's complaint that his probation was improperly violated should have been addressed either on direct appeal from the probation revocation or in a petition for habeas corpus filed in the county in which he was incarcerated.[2] The State further argued that the motion could not be considered a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1 because the sentence complained of was expired, nor could it be considered a motion to correct a clerical error under Tennessee Rule of Criminal Procedure 36 because Petitioner did not allege any error on the original judgment form. Finally, the State argued that the pleading could not be considered as a motion to correct an illegal sentence in case number 14-164 because it was not filed under that case number and because the sentencing credits Petitioner was seeking included time before the offense in that case even occurred.

The trial court summarily denied the motion without the appointment of counsel or an evidentiary hearing. Petitioner filed a timely notice of appeal, and the trial court appointed appellate counsel.

On appeal, Petitioner argued that the trial court erred in dismissing his "Motion to Correct Sentence Calculation, which he now submits should be construed as a Motion to Correct a Clerical Error pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure."[3] The State responds that the trial court properly dismissed the motion because Petitioner failed to show any clerical error or illegal sentence in need of remedy.

---

[2] According to the State's response and the trial court's order, Petitioner did file a petition for habeas corpus in the trial court in January 2014 which was dismissed for lack of venue. There was no appeal taken from this dismissal.

[3] We note that this is an incorrect citation which reappears throughout Petitioner's brief. Clerical errors are addressed in Rule 36, while Rule 36.1 is directed toward the correction of illegal sentences.

"It is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995). However, in this case, it is not clear exactly on what legal basis relief is being sought. Petitioner did not allege any clerical errors in the judgments for either case number 03-709 or 07-666, so the motion cannot be considered as a motion to correct a clerical error under Tennessee Rule of Criminal Procedure 36. If we are to treat the motion as a motion to correct an illegal sentence, Petitioner fares no better. The sentences in both cases have expired, precluding relief under Rule 36.1. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015) (holding that Rule 36.1 "does not authorize the correction of expired illegal sentences"). Moreover, the misapplication of sentencing credits does not render a sentence illegal, *id.* at 212-13, and relief should be sought through the Administrative Procedures Act, *see State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997) (citing T.C.A. § 4-5-101 et seq.).

Furthermore, Petitioner asks that sentencing credit be applied to his sentence in case number 14-164, but he did not file his motion under that case number or include the judgment for that case in the record on appeal. *See State v. Sharon Virginia Hinkley*, No. M2007-01752-CCA-R3-CD, 2008 WL 4491678, at *1 (Tenn. Crim. App. Oct. 8, 2008) (dismissing an appeal filed under the wrong case number when the record contained only documents related to the incorrect case number), *no perm. app. filed*; *see also State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993) (holding that the appellant bears the burden of preparing an adequate record on appeal). Moreover, pretrial jail credits do not include time spent incarcerated on another conviction or before the commission of the offense at issue. *See State v. Frederick Cavitt*, No. E1999-00304-CCA-R3-CD, 2000 WL 964941, at *2 (Tenn. Crim. App. July 13, 2000) ("This Court has repeatedly held that [Tennessee Code Annotated] § 40-23-101(c) provides for credits against the sentence only if the incarceration, claimed as a basis for the credits, arises from the offense for which the sentence was imposed."), *no perm. app. filed*; *see also Trigg v. State*, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975) ("It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense against which the claim is credited that such allowance becomes a matter of right.").

Because Petitioner would not be entitled to relief regardless of how we construe his original pleading, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE