IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 4, 2025

## STATE OF TENNESSEE v. TIMOTHY AARON BAXTER

**Appeal from the Circuit Court for Madison County**
No. 11-651   Donald H. Allen, Judge
_____

### No. W2025-00087-CCA-R3-CD
_____

The petitioner, Timothy Aaron Baxter, appeals from the Madison County Circuit Court's denial of his pro se motion to correct a clerical error pursuant to Tennessee Rule of Criminal Procedure 36. Based on our review of the record, the parties' briefs, and the applicable law, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR. and STEVEN W. SWORD, JJ., joined.

Timothy Aaron Baxter, Mountain City, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

The petitioner filed a "motion to correct [a] clerical error" under Tennessee Rule of Criminal Procedure 36 in case number 11-651, asserting the trial court did not apply the correct amount of pretrial jail credits to his sentence. In his motion, the petitioner recounted that he was arrested for failure to appear on June 26, 2011, convicted at trial on August 9, 2012, and sentenced on October 15, 2012, for "a total of (480) day's pre-trial incarceration." The petitioner alleged that he was only awarded twenty-eight days of pretrial jail credit because the trial court claimed he was attempting to "double dip[]." The

petitioner further claimed that, contrary to the trial court's finding, he had not received the full amount of pretrial jail credits in case number 11-250, which "bellies any argument on double dip consecutive awards." The petitioner lastly claimed that the trial court's discretionary decision to impose consecutive sentencing "should not give the trial court authority to deny earned pre-trial credits."

Attached as exhibits to his motion, the petitioner included a "motion to correct record and amend judg[]ment" filed by the State in case number 11-250. In the motion, the State detailed that it had been in communication with the Tennessee Department of Correction ("TDOC") and determined that the petitioner was entitled to pretrial jail credits in case number 11-250 from June 26, 2011 to November 13, 2011. Accordingly, the State sought to correct the judgment in case number 11-250 to rectify the error.

Also attached as an exhibit, the petitioner included the judgment in case number 11-651, entered on October 22, 2012, that reflects the petitioner received pretrial jail credits from March 13, 2012 to March 21, 2012; May 16, 2012 to May 22, 2012; August 3, 2012 to August 14, 2012; and October 12, 2012 to October 15, 2012. The judgment reflects that the sentence would run consecutively to the sentences in case numbers 11-250, 01-915, and 01-792. The petitioner further included two "judgment order[s]" for case number 11-250. One of the judgment orders reflects 144 days of calculated pretrial jail credits and 32 calculated pretrial behavior credits. The other judgment order reflects the following notation:

> Jail Credit: 12/28/10 to 12/30/10.
> AMN 12-02-11 Jail Credit Letter, J/C 12-28-10/12-30-10 & 06-26-11/01-10-12 . . . CT
> *AMN 3-14-18: Judgment is correct to reflect PTJC of 6-26-11 to 11-13-11 in accordance with the ruling of the court on 02-27-18.

The State filed a response to the petitioner's motion in which it noted that the petitioner was convicted in case number 11-250 on November 14, 2011, and sentenced to twelve years. The State asserted that "pre-trial jail credits have been awarded in . . . [case number] 11-250[.]" The State further noted that the petitioner was convicted in case number 11-651 on August 9, 2012, and sentenced on October 15, 2012, to six years, consecutive to case numbers 11-250, 01-915, and 01-792. The State asserted that the judgment in case number 11-651 reflected the proper pretrial jail credit.

On December 12, 2024, the trial court entered an order denying the petitioner's motion to correct a clerical error. The court observed that the petitioner claimed he was not properly receiving jail credits for the period of June 26, 2011 to October 15, 2012. However, the court found that the pretrial jail credits had been awarded in case number 11-

250 and that the judgment in case number 11-651 reflected the proper credits. The court noted that if the petitioner "does not receive appropriate post-trial jail credits, that matter is properly addressed with the Tennessee Department of Correction under the Administrative Procedures Act, T.C.A. §4-5-101 *et seq.*"

The petitioner filed an untimely notice of appeal and a motion to accept a late-filed notice of appeal. This Court granted the petitioner's motion and deemed the notice of appeal as timely filed.

## *Analysis*

On appeal, the petitioner argues that the trial court failed to award him the entirety of the pretrial jail credits he was due, that he did not "receive double-dip consecutive awards," and that the imposition of "discretionary 'consecutive sentencing' . . . should not give the trial court authority to deny earned pre-trial jail credits." The State submits that the trial court acted properly within its discretion in finding that the petitioner "had received the pre-trial jail credits in case 11-250, for which [the petitioner] had previously been sentenced and to which case 11-651 was to run consecutively," and that the case law relied upon by the petitioner did not entitle him to relief. We agree with the State.

Under Tennessee Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document and may be corrected at any time[.]" *State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015) (citation and internal quotations omitted). Failure to award pretrial jail credits is a clerical error which does not render the sentence illegal. *Id.* at 213. A trial court's ruling on a Rule 36 motion is reviewed under an abuse of discretion standard. *State v. Siler*, 2020 WL 6130919, at *3 (Tenn. Crim. App. Oct. 19, 2020), *perm. app. denied* (Tenn. Feb. 4, 2021) (citing *Lee v. State*, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014).

Whenever a defendant receives a sentence of imprisonment,

the trial court shall . . . render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention . . . or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Tenn. Code Ann. § 40-23-101(c). The awarding of pretrial jail credits is mandatory. *See Brown*, 479 S.W.3d at 212. However, "[i]t is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." *Trigg v. State*, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975). "This Court has repeatedly held that [section] 40-23-101(c) provides for credits against the sentence only if the incarceration, claimed as a basis for the credits, arises from the offense for which the sentence was imposed." *State v. Cavitt*, 2000 WL 964941, at *2 (Tenn. Crim. App. July 13, 2000). In other words, "pretrial jail credits do not include time spent incarcerated on another conviction[.]" *State v. Rivers*, 2019 WL 3776026, at *7 (Tenn. Crim. App. Aug. 9, 2019) (citing *Cavitt*, 2000 WL 964941, at *2).

The record before us indicates that the petitioner was arrested on the failure to appear in case number 11-651 on June 26, 2011. The petitioner was sentenced to twelve years on the underlying aggravated assault case in case number 11-250 on November 14, 2011. Thereafter, the petitioner was convicted and sentenced on the failure to appear in case number 11-651 on August 9, 2012 and October 15, 2012, respectively. A "motion to correct record and amend judgment" filed by the State in case number 11-250 that is included in the record on appeal details that:

> Upon further review and after consulting with T.D.O.C., it appears that pretrial jail credits from the date of arrest 06/26/2011 to 11/13/2011 should be applied to docket # 11-250 because the [petitioner] was arrested based upon an Instanter Capias for failure to appear in docket # 11-250 not an indictment in 11-651. . . .

> In other words, the failure to appear in case # 11-250 was a criminal act which would eventually result in the indictment for two counts of failure to appear in case docket # 11-651. However, at the time of the arrest on 06/26/2011, the [petitioner] had not yet been indicted in case docket # 11-651. Therefore, according to T.D.O.C., the time [the petitioner] was incarcerated in jail from 06/26/2011 to 11/13/2011 applies as pretrial credits in 11-250. The time served from 11/14/201[1] forward is calculated as time served credits, which is calculated by T.D.O.C. in accordance with the Administrative Procedure Act.

A "judgment order" in case number 11-250 indicates that the judgment was corrected accordingly, and the trial court's findings in denying the petitioner's present motion to correct a clerical error are in accord. The judgment for case number 11-651 shows that the petitioner was given pretrial jail credit for the periods of March 13, 2012 to March 21,

2012; May 16, 2012 to May 22, 2012; August 3, 2012 to August 14, 2012; and October 12, 2012 to October 15, 2012. An opinion of this Court addressing one of the petitioner's many other filings indicates that those periods were "credits for the time that [the petitioner] was in the Madison County Jail after having been returned to Madison County for his hearings in this case[,]" case number 11-651. *Baxter v. State*, 2020 WL 41926, *1 (Tenn. Crim. App. Jan. 3, 2020). At all other times, the petitioner "was in the custody of the Tennessee Department of Correction . . . serving a sentence in the Tennessee Department of Correction" in case number 11-250. *Id.* In sum, the pretrial jail credits the petitioner claims to have not received were credited to case number 11-250, constituting the time the petitioner served awaiting trial in that case, and could not also be awarded to case number 11-651. The petitioner also points out that there were fifty-eight days, from November 14, 2011 to January 10, 2012, that were "not credited toward either sentence." However, given that the petitioner was sentenced to twelve years in case number 11-250 on November 14, 2011, it is apparent that those fifty-eight days constituted time served on that sentence and not pretrial jail credit on another sentence.

The petitioner relies upon a statement in an unpublished opinion of this Court, *Jackson v. Donahue*, in which this Court observed for purposes of determining whether that petitioner had received an illegal sentence in a habeas corpus claim that Tennessee Code Annotated section 4-23-101(c) did not prohibit or limit the grant of pretrial jail credits to only one sentence of consecutively-imposed sentences. 2014 WL 2547764, at *4 (Tenn. Crim. App. May 30, 2014), *perm. app. denied* (Tenn. Oct. 15, 2014). Accordingly, the petitioner asserts that the trial court's decision to run his sentences consecutively "intrudes upon the mandate and legislative intent and scheme of T.C.A. § 40-23-101(a)[,] (c)." However, the panel in *Jackson* observed that while the statute did not prohibit the granting of pretrial jail credits in consecutively-sentenced cases, the case law in our state has consistently provided that a defendant ordered to serve consecutive sentences is only entitled to pretrial jail credit on the first sentence. *See, e.g.*, *State v. Moore*, 2017 WL 4051268, at *2 (Tenn. Crim. App. Sept. 13, 2017); *Truitt v. State*, 2014 WL 1408301, at *4 (Tenn. Crim. App. Apr. 10, 2014); *Dulworth v. Henry Steward, Warden*, 2012 WL 2742210, at *2 (Tenn. Crim. App. July 9, 2012); *Rainer v. David G. Mills, Warden*, 2006 WL 156990, at *5 (Tenn. Crim. App. Jan. 20, 2006); *State v. Phillips*, 2005 WL 3447706, at *1 n.1 (Tenn. Crim. App. Dec. 16, 2005), *perm. app. denied* (Tenn. May 1, 2006); *Davis*, 2002 WL 340597, at *3. "The effect of consecutive awards of the full amount of pretrial jail credit would be to double the credit." *Dulworth*, 2012 WL 2742210, at *2 (citing *State v. Cleveland*, 2006 WL 2682821, at *2 (Tenn. Crim. App. Sept. 14, 2006)). "'An inmate may not "double-dip" for credits from a period of continuous confinement.'" *Id.* (quoting *Ranier*, 2006 WL 156990, at *5). It is only when the trial court orders concurrent alignment of the sentences that the award of pretrial jail credits should be included on each judgment to provide the full benefit of the credits against the aggregate sentence. *State v. Henry*, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997) ("To allow pretrial jail credit in only one case

would contravene the concurrent sentences and effectively require [the defendant] to serve a longer sentence on the second charge.").

The trial court did not abuse its discretion in determining that pretrial jail credit had been properly applied to the petitioner's sentence in case number 11-250, and the petitioner was not entitled to duplicitous credit in case number 11-651. The petitioner is not entitled to relief.

## Conclusion

Based on the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

s/ J. ROSS DYER
J. ROSS DYER, JUDGE