# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 10, 2012

## MIKEL SHANE HUTTO v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-11-CR-214     Joseph H. Walker, III, Judge**

---

**No. W2011-02451-CCA-R3-HC  - Filed June 28, 2012**

---

The Petitioner, Mikel Shane Hutto, appeals the Hardeman County Circuit Court's summary dismissal of his petition for writ of habeas corpus, alleging that he failed to receive statutorily mandated pretrial jail credits for his sentences, thereby rendering the confinement illegal. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Mikel Shane Hutto, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; D. Michael Dunavant, District Attorney General; and A. Wayne Carter, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### FACTS

The record indicates that on August 16, 2010, the Petitioner entered guilty pleas to five counts of burglary of an automobile in three different case numbers:  counts 2 and 14 of case number 10-301, counts 2 and 5 of case number 10-303, and count 1 of case number 10-305.  The Petitioner was sentenced as a Range II, multiple offender to a sentence of three years for each of the five counts.

In case number 10-301, the trial court ordered count 14 to be served concurrently with count 2.  Although the trial court awarded the Petitioner pretrial jail credit in count 2 from

February 23, 2010, to August 16, 2010, no pretrial jail credit was awarded in count 14. In case number 10-303, the trial court ordered count 5 to be served concurrently with count 2. Although the trial court awarded the Petitioner pretrial jail credit in count 2 from February 23, 2010, to August 16, 2010, no pretrial jail credit was awarded in count 5. Finally, in case number 10-305, the trial court ordered count 1 to be served concurrently with case numbers 10-301, 10-303, and 10-382.

On October 21, 2011, the Petitioner filed a pro se petition for writ of habeas corpus in Hardeman County Circuit Court, alleging that the judgments in count 14 of case number 10-301 and count 5 of case number 10-303 are void because they fail to reflect pretrial jail credits from February 23, 2010 to August 16, 2010. On October 31, 2011, the habeas corpus court entered an order summarily dismissing the petition. The Petitioner filed a timely notice of appeal.

## ANALYSIS

The Petitioner claims that the judgments in count 14 of case number 10-301 and count 5 of case number 10-303 are void because they fail to reflect mandatory pretrial jail credits. In response, the State argues that the Petitioner is not entitled to relief because he has failed to provide documentation showing that he was incarcerated "pending arraignment and trial" for count 14 in case number 10-301 at the same time that he was incarcerated for count 2 of that case number and failed to provide documentation showing that he was incarcerated "pending arraignment and trial" for count 5 in case number 10-303 at the same time he was incarcerated for count 2 of that case number. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Therefore, our review of the habeas corpus court's decision is de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart, 21 S.W.3d at 903.

The grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v.

State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)).

"A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64)). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The Petitioner alleges that the judgments in count 14 of case number 10-301 and in count 5 of case number 10-303 are void because they fail to reflect mandatory pretrial jail credits. A trial court's failure to award pretrial jail credit is a cognizable claim for habeas corpus relief. Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). Pursuant to Tennessee Code Annotated section 40-23-101(c), a trial court is required to award pretrial jail credits for any time spent in confinement pending arraignment and trial:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

In Tucker v. Morrow, this court explained Code section 40-23-101(c):

The statute provides that a detainee has "<u>an absolute right</u> to credit for time in jail in 'which he was committed pending his arraignment and trial' and 'for the time he served in the jail, workhouse or penitentiary subsequent to any conviction <u>arising out</u> of the original offense for which he was tried.'" <u>Trigg v. State</u>, 523 S.W.2d 375, 375 (Tenn. Crim. App. 1975) (quoting T.C.A. § 40-23-101(c)) (first emphasis added). "It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." <u>Trigg</u>, 523 S.W.2d at 376.

<u>Tucker</u>, 335 S.W.3d at 123. Thus, in order to receive habeas corpus relief, the petitioner must establish: "(1) that he was incarcerated 'pending arraignment and trial' on the offense or offenses that led to the challenged convictions or 'subsequent to' the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment." <u>Id.</u>

Initially, we note that the Petitioner attached several TOMIS reports to his petition in addition to the relevant judgment forms. This court has consistently held that TOMIS reports may not be used to establish a claim for habeas corpus relief:

> To satisfy the procedural requirements for habeas corpus relief and to avert a summary dismissal, the petitioner must make the enumerated showings "with pertinent documents from the record of the underlying proceedings." <u>Summers</u>, 212 S.W.3d at 262. Thus, a petitioner who claims entitlement to habeas corpus relief from a sentence rendered illegal by the trial court's failure to award mandatory pretrial jail credits must exhibit to his petition sufficient documentation from the record to establish that he is indeed entitled to pretrial jail credit under Code section 40-23-101 as indicated above and that the trial court erroneously failed to award it. <u>Summers</u> clearly requires that documents supporting a claim for habeas corpus relief must come from the record of the underlying proceedings. <u>Summers</u>, 212 S.W.3d at 262. Because TOMIS reports are generated by the Department of Correction following an inmate's transfer to prison, they would not be considered a part of the record of the underlying proceedings. In consequence, a TOMIS report cannot be used to establish a claim for habeas corpus relief. Any disagreement regarding the information in TOMIS reports should be addressed via the Uniform Administrative Procedures Act.

<u>Id.</u> at 123-24. Accordingly, we will not consider the TOMIS reports in this case.

The Petitioner cites Tucker v. Morrow in support of his claim for habeas corpus relief. In Tucker, the petitioner filed a petition for writ of habeas corpus challenging his conviction for aggravated burglary, which arose from the same indictment as his conviction for robbery. Id. at 119. The petitioner received concurrent three-year sentences for these convictions but was awarded pretrial jail credits only for the sentence related to the robbery conviction. Id. at 122. The petitioner claimed that he was entitled to habeas corpus relief because the trial court failed to award mandatory pretrial jail credits to the aggravated burglary sentence, thereby rendering his confinement for that conviction illegal. Id. After concluding that the relevant judgment forms supported the petitioner's claim that he was improperly denied pretrial jail credits in contravention of Code section 40-23-101(c), this court reversed the judgment summarily dismissing the petition and remanded the case to the habeas corpus court for entry of an order directing the trial court to amend the judgment form for the aggravated burglary conviction to reflect the same pretrial jail credit as awarded for the robbery conviction. Id. at 125.

The State argues that Tucker v. Morrow is not controlling because the Petitioner has failed to show that he was incarcerated pending arraignment and trial for count 14 in case number 10-301 and count 5 in case number 10-303. We agree. The record shows that the Petitioner committed the offenses of burglary of an automobile in counts 2 and 14 of case number 10-301 on February 23, 2010. The Petitioner was placed in jail for count 2 on February 23, 2010, because the Petitioner was given pretrial jail credit for count 2 starting on this date. Significantly, the Petitioner was given pretrial jail credit for count 2 but not count 14, despite the fact that these were concurrent sentences. The pretrial jail credit in count 2 began on the date of the offense, February 23, 2010, and ended on August 16, 2010, the date that the Petitioner entered his guilty pleas to counts 2 and 14. The Petitioner was indicted for counts 2 and 14 of case number 10-301 on April 27, 2010.

Similarly, the record shows that the Petitioner committed the offenses of burglary of an automobile in counts 2 and 5 of case number 10-303 on February 21, 2010. The Petitioner was placed in jail for count 2 on February 23, 2010, because the Petitioner was given pretrial jail credit for count 2 starting on this date. Again, the Petitioner was given pretrial jail credit for count 2 but not count 5, despite the fact that these were concurrent sentences. The pretrial jail credit for count 2 began on February 23, 2010, two days after the Petitioner committed the offenses in cases number 10-303, and ended on August 16, 2010, the date that the Petitioner entered his guilty pleas to counts 2 and 5. The Petitioner was indicted for counts 2 and 5 of case number 10-303 on April 27, 2010.

The State argues that because the Petitioner has not attached a copy of the arrest warrants for count 14 of case number 10-301 and count 5 of case number 10-303, he cannot establish that he was incarcerated on these counts beginning on February 23, 2010. The State

suggests that although the Petitioner committed counts 2 and 14 of case 10-301 on the same date, it is possible that the Petitioner's identity as the perpetrator in count 14 was not discovered until sometime after he was arrested for count 2. The State makes the same suggestion for counts 2 and 5 in case number 10-303. In such a scenario, the State argues that "the petitioner would not necessarily be entitled to pretrial credit" in count 14 of case number 10-301 or count 5 of case number 10-303.

We agree with the State that the Petitioner is not entitled to pretrial jail credit in counts 14 or 5 unless he was actually incarcerated for these counts, which we cannot determine without the relevant arrest warrants for counts 14 and 5. See Tucker, 335 S.W.3d at 123; Trigg, 523 S.W.2d at 376; see also State v. Henry, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997) (stating that the defendant should "receive pretrial jail credit on the second offense only from the time of that charge"). In order to successfully seek habeas corpus relief via an illegal sentence claim, "the petitioner must attach sufficient documentation establishing the illegality to his petition for writ of habeas corpus." Id. (citing Summers, 212 S.W.3d at 261 ("In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions.")). Because the Petitioner has failed to attach sufficient documentation showing that he was incarcerated on count 14 of case number 10-301 and on count 5 of case number 10-303 beginning on February 23, 2010, he is not entitled to relief. The judgment summarily dismissing the petition for writ of habeas corpus is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE
