# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 7, 2012

## CHARLES BORUM v. HENRY STEWART, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 12-CR-9716      R. Lee Moore, Jr., Judge**

---

**No. W2012-00863-CCA-R3-HC  - Filed September 6, 2012**

---

In 1986, petitioner, Charles Borum, pled guilty to two offenses, a Dickson County charge of aggravated kidnapping and a Davidson County charge of aggravated rape, and received forty-year sentences on each offense.  Davidson County agreed to run the aggravated rape conviction concurrently with the Dickson County aggravated kidnapping conviction. Petitioner filed the instant petition for a writ of habeas corpus, alleging that the Davidson County conviction is illegal, and thus void, because it did not award him pretrial jail credit as required by law.  The habeas corpus court summarily dismissed the petition.  Following our review of the record, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Charles Borum, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

A. Procedural History[1]

In 1985, petitioner was charged with aggravated kidnapping in Dickson County and aggravated rape in Davidson County. A Tennessee Offender Management Information System ("TOMIS") report indicates that the offenses occurred on the same date, November 28, 1985. Petitioner pled guilty to the Dickson County offense on February 21, 1986, and subsequently pled guilty to the Davidson County offense on March 20, 1986. He received forty-year sentences for each conviction. The Dickson County judgment indicates that petitioner received pretrial jail credit of eighty-four days, which equals the number of days between his arrest and his guilty plea. Because the Davidson County offense was concluded later, Davidson County agreed to run petitioner's forty-year sentence concurrently with the Dickson County sentence. However, Davidson County court documents do not reflect the 110 days of pretrial jail credit to which petitioner claims he is entitled. Petitioner's Dickson County sentence is set to expire on October 13, 2012, while the alleged failure to award pretrial jail credit extends the expiration of petitioner's Davidson County sentence to February 1, 2013. For that reason, petitioner alleges that the conviction and sentence arising out of Davidson County are illegal, thus void, and seeks habeas corpus relief thereon.

B. Habeas Corpus Standard of Review

The court's decision with respect to a petition for a writ of habeas corpus is a question of law that we review de novo without a presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Id.* "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). Conversely, a voidable conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529). The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus. *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)).

---

[1] Much of the recited procedural history is gleaned from Tennessee Offender Management Information System ("TOMIS") records filed by petitioner as exhibits to his petition.

In habeas corpus proceedings, a petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A habeas corpus court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the convictions or sentences are void. Tenn. Code Ann. § 29-21-109 (2000); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

## C. Petitioner's Claim

Petitioner claims that the Davidson County conviction and resulting sentence are illegal and thus void. He further contends that "to allow pretrial jail credit in only one case would contravene the concurrent sentence and effectively require [him] to serve a longer sentence on the second charge." *See generally Grimes v. Parker,* No. W2007-00169-CCA-R3-HC, 2008 WL 141129 (Tenn. Crim. App. Jan. 14, 2008) (citing *State v. Henry*, 946 S.W.2d 833 (Tenn. Crim. App. 1997)).

Essential to our de novo review of the habeas corpus court's conclusion that petitioner's "problem should be handled through administrative procedures with the Tennessee Department of Correction," we must first address whether the failure to award pretrial jail credits is a matter properly addressed to the criminal courts of this state and ultimately this court. "[C]laims 'relative to the calculation of sentencing credits and parole dates' must be reviewed pursuant to the Uniform Administrative Procedures Act rather than via a petition for writ of habeas corpus." *Tucker v. Morrow*, 335 S.W.3d, 116, 122 (Tenn. Crim. App. 2009) (quoting Tenn. Code Ann.§ 41-21-236(a)(2)(C) (2006)). However, this statement is inapplicable to a review of the award of or failure to award pretrial jail credits. *Id.* In discussing this issue, we have held:

> Unfortunately, this Court has far too often conflated sentence reduction credits, which are governed solely by the Department of Correction, with pretrial and post-judgment jail credits, which can be awarded only by the trial court. As a result, some of the opinions of this court erroneously hold that a petitioner may only challenge the trial court's failure to award pretrial jail credits via the Uniform Administrative Procedures Act.

*Tucker*, 335 S.W.3d at 122. Because the award of pretrial jail credits lies strictly within the jurisdiction of the trial court rather than the Department of Correction, "any resort to administrative avenues of relief to address the trial court's failure to award pretrial jail credits would be futile." *Id.* (citing Tenn. Code Ann. § 40-23-101(c) (2006)). Moreover, "the trial court is required at the time of sentencing to allow a defendant pretrial jail credit. The [Department of Correction] is powerless to change what the trial court awarded or failed to

award." *Id.* (citing *State v. Greg Smith*, No. E2003-01092-CCA-R3-CD, 2004 WL 305805, at *2 (Tenn. Crim. App. Feb. 18, 2004) (Tipton, J., concurring)). Therefore, petitioner's claim that he is entitled to relief because the trial court failed to award pretrial jail credit that he earned pursuant to code section 40-23-101(c) is cognizable in a habeas corpus petition.

Tennessee Code Annotated section 40-23-101 provides, in pertinent part:

The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

"'The language [of Code section 40-23-101(c) ] leaves no room for discretion, and when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary.'" *Tucker*, 335 S.W.3d at 123 (quoting *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965)). Thus, pursuant to the statute, a pretrial detainee has "an absolute right to credit for time in jail" spent in pretrial incarceration arising out of the original offense for which he was convicted. *Id.* (citing *Trigg v. State*, 523 S.W.2d 375, 375 (Tenn. Crim. App. 1975). "It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." *Id.* (quoting *Trigg*, 523 S.W.2d at 376). "Thus, the trial court is statutorily required to credit the defendant with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged convictions." *Id.*

As support for his petition for habeas corpus relief, petitioner attached the following documents: (1) a judgment from Davidson County that does not include pretrial jail credit; (2) a report entitled "Tennessee Sentences" generated by TOMIS showing no pretrial jail credit for the Davidson County conviction; (3) a copy of the plea agreement he entered in Davidson County not showing pretrial jail credit; (4) a report entitled "Judgment Order" generated by TOMIS showing eighty-four days of pretrial jail credit in the Dickson County case; (5) a report entitled "Tennessee Sentences" generated by TOMIS showing eighty-four days of pretrial jail credit in the Dickson County case; and (6) a TOMIS report verifying offense dates and concurrent sentences for the Davidson and Dickson County offenses. Through these documents, petitioner avers that he was arrested on November 28, 1985, and charged with both offenses. He was jailed pending the outcomes of both cases. He contends

that he entered a guilty plea to aggravated kidnapping in Dickson County on February 21, 1986, and received eighty-four days of pretrial jail credit and that he entered a guilty plea to aggravated rape in Davidson County on March 20, 1986, and received no pretrial jail credit.

Notwithstanding the possible viability of petitioner's claim, he has failed to submit any documentation to prove by a preponderance of the evidence that he was not awarded the pretrial jail credit to which he is entitled. Although petitioner appended judgment reports generated by TOMIS, this court has previously held that TOMIS reports are insufficient to establish a claim for habeas corpus relief. *James G. Watson v. Harold Carlton, Warden*, No. E2011-00288-CCA-R3-HC, 2011 WL 4790953, at *3 (Tenn. Crim. App. Oct. 11, 2011) (citing *Tucker*, 335 S.W.3d at 123-24) (noting that TOMIS reports are generated by the Department of Correction following an inmate's transfer to prison, therefore, the reports would not be considered part of the record of the underlying proceedings). Consequently, a TOMIS report cannot be used to establish a claim for habeas corpus relief. *Id.*

Excluding the TOMIS reports, the only pertinent documents provided by petitioner in support of his claim are forms generated by Davidson County, neither of which bear an offense date or an arrest date. From these documents, this court cannot determine that his pretrial incarceration "arises out of" the Davidson County offense for which he was convicted. Petitioner included the judgment form from Dickson County that properly noted his pretrial jail credit in that case. While said document would be relevant to consideration of the legality of the Dickson County conviction, petitioner is attacking the Davidson County conviction. He has provided this court with no evidence by which to conclude that the Davidson County conviction is void or that his sentence has expired.

Petitioner cited *Mark Grimes* and *Henry* for the proposition that "[t]o allow pretrial jail credit in only one case would contravene the concurrent sentence and effectively require [him] to serve a longer sentence on the second charge." *Mark Grimes*, 2008 WL 141129, at *3 (quoting *Henry* 946 S.W.2d at 335). Notably, both cases involved multiple convictions from one jurisdiction that were reversed and remanded on appeal. On re-sentencing, the trial courts imposed concurrent sentences but failed to award pretrial jail credit on one of the convictions, rendering one concurrent sentence longer than the other[s]. Because the convictions arose from the same court, the judgment forms, taken together, clearly indicated a void or illegal sentence.

We distinguish this case from *Mark Grimes* and *Henry* because petitioner's convictions and sentences arose from separate counties. The Dickson County judgment form is not controlling with regard to the proceedings in Davidson County. Thus, petitioner's judgments are not facially void. He is not entitled to habeas corpus relief.

**CONCLUSION**

Following our review of the record and the parties' briefs, for the reasons stated herein, we affirm the judgment of the habeas corpus court.

_____
ROGER A. PAGE, JUDGE