# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### MICKEY LEE WILLIAMS v. BRUCE WESTBROOKS, WARDEN, ET AL.

**Appeal from the Circuit Court for Bledsoe County**
**No. 2013CR3     Thomas W. Graham, Judge**

---

**No. E2013-00736-CCA-R3-HC-FILED-NOVEMBER 4, 2013**

---

The pro se petitioner, Mickey Lee Williams, appeals as of right from the Bledsoe County Circuit Court's order denying his petition for writ of habeas corpus alleging that his Grainger County Circuit Court judgment of conviction for second degree murder is void due to the denial of pretrial jail credits. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the Bledsoe County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Mickey Lee Williams, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On June 7, 2004, the Grainger County Circuit Court entered a judgment convicting the petitioner of second degree murder and arson and imposing an effective sentence of 24 years' incarceration. This court affirmed the petitioner's convictions and effective 24-year sentence on direct appeal. *State v. Mickey Lee Williams*, No. E2004-01617-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Sept. 15, 2005), *perm. app. denied* (Tenn. Feb. 21, 2006). In affirming the convictions, this court held several issues waived for failure to file a timely

motion for new trial. The petitioner filed a petition for post-conviction relief and, following the appointment of counsel and an evidentiary hearing, the Grainger County Circuit Court granted the petitioner a delayed appeal. The delayed appeal is presently pending before this court.

On February 25, 2013, the petitioner filed a petition for writ of habeas corpus in the Bledsoe County Circuit Court alleging that his conviction of second degree murder is void because the indictment failed to apprise him of the lesser charges, the trial court lacked jurisdiction to impose the judgment, and the indictment failed to allege an essential element of the offense. These three allegations were identical to those raised in a 2012 petition for writ of habeas corpus that was denied by the trial court. The petitioner did not seek an appeal from the denial of the first petition. In the 2013 petition, the petitioner also alleged that the judgment failed to reflect the proper award of pretrial jail credits. On March 18, 2013, the trial court summarily dismissed the petition, ruling that the judgment reflected the proper award of pretrial jail credits. The petitioner timely appealed the trial court's order denying relief.

Generally, the determination of whether to grant habeas corpus relief is a question of law. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Wyatt*, 24 S.W.3d at 322; *see also* Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 995 S.W.2d at 83).

A claim regarding pretrial jail credits is cognizable in a habeas corpus proceeding. *Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). Tennessee Code Annotated section 40-23-101(c) (2012) provides that a trial court shall allow credit on a sentence for the time the defendant was in jail pending trial. In order for the credit to apply, the defendant must be held in pretrial custody for the charge from which the conviction

arises. *Tucker*, 335 S.W.3d at 123 (citing *Trigg v. State*, 523 S.W.2d 375-375-76 (Tenn. Crim. App. 1975)).

In the present petition, the petitioner alleges that he was incarcerated pretrial from March 12, 2002, the date of the offense, until July 7, 2004 when he was transferred to the penitentiary. The record attached to his petition, however, establishes that the petitioner was awarded pretrial jail credits from March 12, 2002 until June 7, 2004 – the date of the entry of his judgment of conviction. As the trial court noted when ruling on the petition for writ of habeas corpus, the petitioner received pretrial jail credit for all the time he spent in pretrial custody and "[a]ny jail credit after June 7, 2004 is post-trial jail credit." The petitioner was not entitled to any additional pretrial jail credit and the judgment is not void.

Accordingly, we affirm the judgment of the Bledsoe County Circuit Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
NORMA MCGEE OGLE, JUDGE