IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 29, 2014 Session

## MICHAEL W. BELCHER v. DAVID SEXTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 6211      Robert E. Cupp, Judge**

**No. E2013-01325-CCA-R3-HC - Filed March 6, 2014**

In this appeal as of right, the State challenges the Johnson County Criminal Court's grant of habeas corpus relief to the petitioner, Michael W. Belcher, in the form of pretrial jail credits. Because the habeas corpus court's order awarding jail credits is somewhat vague, we vacate that order and remand the case to the habeas corpus court for the entry of an order directing the trial court to amend the petitioner's judgment in count two to reflect the grant of appropriate pretrial jail credits.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Vacated and Case Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; and Leslie E. Price, Assistant Attorney General, for the appellant, State of Tennessee.

Cameron L. Hyder, Elizabethton, Tennessee, for the appellee, Michael W. Belcher.

### OPINION

In 2001, the Sullivan County grand jury charged the petitioner with one count of vehicular homicide and two counts of aggravated assault by reckless conduct. A Sullivan County Criminal Court jury convicted the petitioner as charged of two counts of aggravated assault, but the trial court declared a mistrial as to the vehicular homicide charge. *See State v. Michael W. Belcher*, No. E2005-00532-CCA-R3-CD, slip op. at 2-3 (Tenn. Crim. App., Knoxville, Mar. 30, 2006), *perm. app. denied* (Tenn. Aug. 21, 2006). The trial court sentenced the petitioner as a career offender and imposed 12-year sentences for each aggravated assault conviction, to be served consecutively for a total effective sentence of 24 years' incarceration. This court affirmed the petitioner's convictions and accompanying

sentences. *See id.*, slip op. at 1. The petitioner later pleaded guilty to vehicular homicide and was sentenced to 15 years' incarceration, to be served concurrently to the petitioner's sentence in count two for aggravated assault. The vehicular homicide judgment reflected pretrial jail credits from May 23, 2001 through November 7, 2007.

On January 8, 2013, the petitioner filed a pro se petition for writ of habeas corpus relief in the Johnson County Criminal Court, claiming that his sentences in the underlying case violated principles of double jeopardy and that the judgments of aggravated assault were facially void for failure to award pretrial jail credits. On April 26, 2013, the habeas corpus court entered an order granting habeas corpus relief, finding as follows:

> It is obvious the judgments are void on their face, as counts (2) and three (3) of case #S44889 entered on November 7, 2007, fail to award [p]etitioner pre-trial jail credits.
>
> Therefore, having concluded that the [p]etitioner is entitled to [h]abeas [c]orpus relief in the form of an award for pre-trial jail credits for his convictions of aggravated assault, *[i]t is therefore ORDERED that these two counts be remanded to the trial court to amend the judgments for his convictions of aggravated assault, so that they might reflect the same jail credits awarded to the Petitioner on his vehicular homicide conviction.*

The habeas corpus court denied the remainder of the petitioner's writ. The State filed a timely notice of appeal, and, upon motion of the petitioner, the habeas corpus court appointed counsel to represent the petitioner on appeal.

In this appeal, the State contends that the habeas corpus court erred by granting the petitioner pretrial jail credits, construing the court's order to mean that the credits were to be applied to the judgments in both counts two and three. The petitioner disagrees with this interpretation, arguing that the habeas corpus court's order was clear that the credits were to be applied only to the judgment in count two. In any event, the parties agree that the pretrial jail credits could only be applied to the judgment on count two, and at oral argument, the parties addressed the need to clarify the habeas corpus court's order.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus]

court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Tennessee Code Annotated section 40-23-101 provides, in pertinent part, as follows:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

T.C.A. § 40-23-101(c). "The purpose of the statute was to provide jail time credit prior and subsequently to conviction for indigents unable to make bond." *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983). "The language [of Code section 40-23-101(c)] leaves no room for discretion, and when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary." *Stubss v. State*, 393 S.W.2d 150, 154 (Tenn. 1965). The statute provides that a detainee has "*an absolute right*

to credit for time in jail in 'which he was committed pending his arraignment and trial' and 'for the time he served in the jail, workhouse or penitentiary subsequent to any conviction *arising out of* the original offense for which he was tried.'" *Trigg v. State*, 523 S.W.2d 375, 375 (Tenn. Crim. App. 1975) (quoting T.C.A. § 40-23-101(c)) (first emphasis added). "It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." *Trigg*, 523 S.W.2d at 376. Thus, the trial court is statutorily required to credit the defendant with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged convictions.

The failure of the trial court to credit the petitioner with the credits mandated under Code section 40-23-101(c) contravenes the requirements of that statute and results, therefore, in an illegal sentence, an historically cognizable claim for habeas corpus relief. *See generally May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) ("An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time."). Accordingly, to mount a sustainable habeas corpus challenge regarding the award of pretrial jail credits a petitioner must establish that the trial court failed to award him the pretrial jail credits he earned under Code section 40-23-101(c). To establish the substance of his claim and bring the claim within the ambit of habeas corpus review, the petitioner must show (1) that he was incarcerated "pending arraignment and trial" on the offense or offenses that led to the challenged convictions or "subsequent to" the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment.

To satisfy the procedural requirements for habeas corpus relief and to avert a summary dismissal, the petitioner must make the enumerated showings "with pertinent documents from the record of the underlying proceedings." *Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007). Thus, a petitioner who claims entitlement to habeas corpus relief from a sentence rendered illegal by the trial court's failure to award mandatory pretrial jail credits must exhibit to his petition sufficient documentation from the record to establish that he is indeed entitled to pretrial jail credit under Code section 40-23-101 as indicated above and that the trial court erroneously failed to award it.

In the instant case, the State does not question the petitioner's entitlement to pretrial jail credits or the sufficiency of documentation demonstrating such entitlement. The State only contends that the language of the habeas corpus court's order indicates an intent to award pretrial jail credits on *both* of the petitioner's judgments of aggravated assault, and because the sentences attendant to those convictions were ordered to run consecutively, the habeas corpus court "only had authority to grant pretrial jail credits on the first judgment." Indeed, "[a] defendant incarcerated prior to trial who receives consecutive sentences is only

allowed pre-trial jail credits to be applied toward the first sentence" and "may not 'double-dip' for credits from a period of continuous confinement." *Marvin Rainer v. David G. Mills, Warden*, No. W2004-02676-CCA-R3-HC, slip op. at 6 (Tenn. Crim. App., Jackson, Jan. 20, 2006) (citations omitted); *see also Christopher Scott Chapman v. Henry Steward, Warden*, No. W2012-02459-CCA-R3-HC, slip op. at 5-6 (Tenn. Crim. App., Jackson, July 17, 2013); *Timothy L. Dulworth v. Henry Steward, Warden*, No. W2012-00314-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Jackson, July 9, 2012). Although in the instant case the habeas corpus court did not expressly award pretrial jail credits on both aggravated assault judgments, its order to amend the judgments in both counts two *and* three is, at best, ambiguous as to its intent.

Accordingly, we vacate the order of the habeas corpus court and remand this case to the habeas corpus court with instructions to enter a new order directing the trial court to amend its judgment in count two to reflect the appropriate amount of pretrial jail credits.

_____
JAMES CURWOOD WITT, JR., JUDGE