# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 2, 2014

## MIKE SETTLE v. BRENDA JONES, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6768      Joseph Walker, Judge**

**No. W2014-01362-CCA-R3-HC  - Filed December 30, 2014**

The petitioner, Mike Settle, appeals from the denial of his sixth petition for writ of habeas corpus, which challenged his 2001 guilty-pleaded convictions of felony escape, especially aggravated kidnapping, aggravated robbery, and two counts of aggravated assault. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., J., joined.  ROGER A. PAGE, J., not participating.

Mike Settle, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Tracy L. Alcock, Assistant Attorney General, for the appellant, State of Tennessee.

## OPINION

The petitioner, as previously noted by this court, "is no stranger to the legal process." *Mike Settle v. David Osborne, Warden*, No. E2011-00766-CCA-R3-HC, slip op. at 1 (Tenn. Crim. App., Knoxville, Feb. 3, 2012), *perm. app. denied* (Tenn. Apr. 11, 2012). This court has summarized as succinctly as practicable the petitioner's legal history as pertains to this case as follows:

> In January of 2001, Petitioner pled guilty in Madison County
> Circuit Court to one count of felony escape, one count of
> especially aggravated kidnapping, one count of aggravated
> robbery, and two counts of aggravated assault. The underlying
> facts that led to the convictions arose when Petitioner became ill

and was transported from the Hardeman County Correctional Facility to a hospital in Jackson, Tennessee. Petitioner was eventually admitted to the hospital for further treatment. Two days later, he overpowered a guard, took the officer's weapon, and pointed it at the guard's head. Petitioner ultimately escaped from the hospital with a hostage in a stolen car. He was recaptured and returned to prison. As a result of the plea agreement, Petitioner received a sentence of six years for the felony escape conviction, twenty-five years for the especially aggravated kidnapping conviction, twenty-five years for the aggravated robbery conviction, and fifteen years for each aggravated assault conviction. The sentences were ordered to be served concurrently with each other and with a federal sentence as well as a sentence in a separate Madison County case. The sentences were ordered to be served consecutively to sentences for several prior convictions from Shelby County.

In September of 2001, Petitioner filed his first petition for writ of habeas corpus. The petition was filed in the Morgan County Criminal Court and alleged that the Department of Correction violated the terms of Petitioner's plea agreement by refusing to run his sentences concurrently with his federal sentence. The trial court treated the petition as a petition for writ of certiorari and transferred the matter to the Madison County Circuit Court. The petition was dismissed for failing to state a colorable claim for post-conviction relief. *See Mike Settle v. State*, No. W2003-01261-CCA-R3-PC, [slip op. at 2] (Tenn. Crim. App., at Jackson, Jul. 23, 2004).

Petitioner has also sought habeas corpus relief in federal district court. At least two petitions have been dismissed as untimely. *See Mike Settle v. Ricky Bell, Warden*, No. 3:09-0560 (M.D. Tenn., Nov. 10, 2009); *Mike Settle v. Ricky J. Bell*, No. 06-1092 (W.D. Tenn. Sept. 4, 2009). Petitioner has also filed for relief in the form of extradition in the Eastern District of Tennessee. In that case, the court treated the petition as a petition for writ of habeas corpus and dismissed it. *See Mike Settle v. David R. Osborne, Warden*, No. 3:11-cv-00127.

Petitioner filed a second petition for writ of habeas

-2-

corpus in Davidson County. The petition was dismissed for failure to pay court costs at the time of filing. Petitioner appealed. On appeal, this Court upheld the dismissal and affirmed. *Mike Settle v. State*, No. M2004-00411-CCA-R3-HC, [slip op. at 1] (Tenn. Crim. App., at Nashville, Nov. 7, 2005), *perm. app. denied*, (Tenn. Mar. 27, 2006).

Then, Petitioner filed another petition for writ of habeas corpus in the Morgan County Criminal Court. This petition was also dismissed. This Court affirmed the dismissal on appeal. *See Mike Settle v. State*, No. E2010-00945-CCA-R3-HC, [slip op. at 2-3] (Tenn. Crim. App., at Knoxville, Dec. 17, 2010), *perm. app. denied*, (Tenn. Mar. 9, 2011).

On January 10, 2011, Petitioner filed the petition for writ of habeas corpus applicable herein. The State filed a motion to dismiss. Petitioner opposed the motion. The habeas corpus court dismissed the petition without a hearing on February 14, 2011. Petitioner filed a notice of appeal on April 1, 2011. The certificate of service on the final order indicates that copies were not mailed by the Circuit Court Clerk until April 1, 2011.

*Mike Settle v. David Osborne, Warden*, No. E2011-00766-CCA-R3-HC, slip op. at 1-3 (Tenn. Crim. App., Knoxville, Feb. 3, 2012), *perm. app. denied* (Tenn. Apr. 11, 2012) (internal footnote omitted). This court again affirmed the dismissal on appeal. *Id.* at 1.

On October 24, 2013, the petitioner filed his fifth petition for habeas corpus relief, which petition was summarily dismissed by the habeas corpus court, and this court again affirmed the dismissal on appeal. *Mike Settle a/k/a Michael Dewayne Settle v. Jerry Lester, Warden*, No. W2013-02609-CCA-R3-HC, slip op. at 3, 6 (Tenn. Crim. App., Jackson, Aug. 4, 2014).

On July 3, 2014, the petitioner again sought habeas corpus relief, alleging that the trial court failed to properly award him pretrial jail credits. The habeas corpus court summarily dismissed the petition on July 8, 2014, finding that the petitioner had received the appropriate credit for time served.

In this timely appeal, the petitioner claims that the habeas corpus court erred by dismissing his petition on the basis that his sentence was void due to the trial court's failure to award pretrial jail credits. The State counters that the habeas corpus court correctly

-3-

denied the petition.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Tennessee Code Annotated section 40-23-101 provides, in pertinent part, as follows:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

T.C.A. § 40-23-101(c). "The purpose of the statute was to provide jail time credit prior and subsequently to conviction for indigents unable to make bond." *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983). "The language [of Code section 40-23-101(c)] leaves no room for discretion, and when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary." *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965). The statute provides that a detainee has "an absolute right to credit for time in jail in 'which he was committed pending his arraignment and trial' and 'for the time he served in the jail, workhouse or penitentiary subsequent to any conviction *arising out of* the original offense for which he was tried.'" *Trigg v. State*, 523 S.W.2d 375, 375 (Tenn. Crim. App. 1975) (quoting T.C.A. § 40-23-101(c)). "It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." *Trigg*, 523 S.W.2d at 376. The trial court is thus statutorily required to credit the defendant with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged convictions.

The failure of a trial court to award the credits mandated under Code section 40-23-101(c) contravenes the requirements of the statute and results, therefore, in an illegal sentence, an historically cognizable claim for habeas corpus relief. *See generally May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) ("An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time."). Accordingly, "to mount a sustainable habeas corpus challenge regarding the award of pretrial jail credits a petitioner must establish that the trial court failed to award him the pretrial jail credits he earned under Code section 40-23-101(c)." *Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). To substantively establish his claim and bring it within the ambit of habeas corpus review, "the petitioner must show (1) that he was incarcerated 'pending arraignment and trial' on the offense or offenses that led to the challenged convictions or 'subsequent to' the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment." *Id.*

The petitioner must make the enumerated showings "with pertinent documents from the record of the underlying proceedings" to satisfy the procedural requirements for habeas corpus relief and to avoid a summary dismissal. *Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007). "Thus, a petitioner who claims entitlement to habeas corpus relief from a sentence rendered illegal by the trial court's failure to award mandatory pretrial jail credits must exhibit to his petition sufficient documentation from the record to establish that he is indeed entitled to pretrial jail credit under Code section 40-23-101 as indicated above and that the trial court erroneously failed to award it." *Tucker*, 335 S.W.3d at 124.

In the instant case, the petitioner appended to his petition copies of his

judgment forms, but he failed to include copies of his prior petitions for writ of habeas corpus. The petitioner is obliged to attach to his petition "a copy of the [earlier] petition or proceedings thereon . . . or [give] satisfactory reasons . . . for the failure so to do." T.C.A. § 29-21-107(b)(4). The procedures authorizing the use of the writ of habeas corpus are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. The statutory procedures for seeking habeas corpus relief are mandatory and must be followed scrupulously. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). Although the petitioner stated in his petition that he did "not have cop[ies] of the previous petition [sic] to attach because they was lost, reasons for failure to attach," the mere statement that the prior petitions were "lost," without more, is insufficient to constitute a "satisfactory reason[]." T.C.A. § 29-21-107(b)(4). In addition, the document entitled "Previous Petition and Proceedings," which accompanied the petitioner's habeas corpus petition and which was merely a handwritten list of the petitioner's prior habeas corpus petitions, likewise does not suffice to satisfy the statutory requirement of inclusion of the earlier petitions. Thus, summary dismissal of the petition was appropriate.

Moreover, the petitioner failed to include sufficient documentation to demonstrate that he did not receive proper pretrial jail credits. The petitioner attached the judgment forms to his petition, but the judgment forms indicate only that the sentences imposed were to be served consecutively to multiple Shelby County convictions. With no additional documentation provided on those convictions, it is impossible to discern whether the petitioner was deprived of pretrial jail credits. Because the burden of providing sufficient documentation rested with the petitioner, denial of his petition was appropriate.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE