IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2015

## ANTONIO JOHNSON v. DAVID B. WESTBROOK, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 4777 & 4798     Seth Norman & Monte Watkins, Judges**

**No. M2014-01403-CCA-R3-HC – Filed May 19, 2015**

Petitioner, Antonio Johnson, appeals the summary dismissal of his two petitions for writ of habeas corpus challenging the legality of his sentences on the basis that the trial court failed to properly award all requisite pre-trial jail credits. Following our extensive review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Antonio Johnson, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Victor S. Johnson III, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Petitioner filed two petitions for writ of habeas corpus attacking the alleged failure to award jail credits in two of his criminal cases, thus, he claims, rendering his judgments illegal. In petition number 4777 filed June 2, 2014, he challenges his sentence in Montgomery County case number 40600007 (hereinafter referred to as -0007), claiming that the judgment of conviction in that case is void because the trial court failed to award the requisite jail credits. Petitioner challenges the resulting sentence from case number 4060303 (hereinafter referred to as -0303) on the same grounds in petition number 4798, filed July 15, 2014.

## I.  Procedural History

The record reflects that the offense date in case number -0007 was July 19, 2005. The capias was issued on December 8, 2005, and was served on January 5, 2006. Petitioner posted bond the same date. Petitioner pleaded guilty to possession of cocaine with the intent to sell, and the trial court entered the judgment of conviction on April 28, 2006. Petitioner's four-year sentence was suspended to probation. The State filed the first probation violation report on June 26, 2007. Petitioner was arrested on the warrant on June 29, 2007, and posted bond the same day. The first probation violation was dismissed by the State on January 3, 2008. The State filed a second probation violation report on November 6, 2008, and obtained and served the warrant the following day.[1] Petitioner posted bond on November 25, 2008. Two amendments to the report and warrant were made in January and April 2009. The probation violation was settled by the parties on March 24, 2010, and the trial court issued the revocation order that day.

The case docket history for case number -0303 indicates December 31, 2007, as the offense date and March 4, 2009, as the date the capias was issued for petitioner's arrest for additional charges of possession of cocaine with the intent to sell or deliver. The capias was served on March 7, 2009, and petitioner posted bond on March 10, 2009. Petitioner's jury trial on counts nine and ten of the indictment began on March 23, 2010, and following a finding of guilty, the trial court revoked petitioner's bond on March 24. Petitioner was sentenced to twelve years in the Tennessee Department of Correction to be served at thirty-five percent release eligibility, consecutive to the four-year sentence in case number -0007. The remaining counts of the indictment were resolved by a plea agreement entered on February 22, 2011, which imposed a four-year sentence to be served consecutively to the four-year sentence in case number -0007 and to the twelve-year sentence in count nine of -0303, for an effective sentence of twenty years.

Petitioner filed a motion in case number -0007 to correct jail credits on February 23, 2012. On April 5, 2012, the trial court held a hearing and issued an order correcting petitioner's jail credits. On April 24, 2012, petitioner filed a subsequent pro se motion asking the trial court to again adjust his jail credits. In denying petitioner's second motion, the trial court noted, "This motion is denied. Accuracy of the sentence credits previously reviewed and agreed upon by State and defense counsel."

## III.  Analysis

### A.  Habeas Corpus Standard of Review

---

[1]  Petitioner was arrested on new charges on October 13, 2008, and was apparently served with this probation violation warrant while he was incarcerated on those charges.

The court's decision with respect to a petition for a writ of habeas corpus is a question of law that we review de novo without a presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Id.* "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). Conversely, a voidable conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529). The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus. *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)).

In habeas corpus proceedings, a petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A habeas corpus court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the convictions or sentences are void. Tenn. Code Ann. § 29-21-109 (2000); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

B. Petitioner's Claims

There are two primary complaints regarding jail credits that are raised in habeas corpus proceedings: failure to award pre-trial jail credits and improper calculation of sentencing credits and parole dates. "[C]laims 'relative to the calculation of sentencing credits and parole dates' must be reviewed pursuant to the Uniform Administrative Procedures Act rather than via a petition for writ of habeas corpus." *Tucker v. Morrow*, 335 S.W.3d, 116, 122 (Tenn. Crim. App. 2009) (quoting Tenn. Code Ann.§ 41-21-236(a)(2)(C) (2006)). Failure to award pre-trial jail credits, however, is cognizable in habeas corpus proceedings. Because the award of pre-trial jail credits lies strictly within the jurisdiction of the trial court rather than the department of correction, "any resort to administrative avenues of relief to address the trial court's failure to award pretrial jail credits would be futile." *Id*. at 122 (citing Tenn. Code Ann. § 40-23-101(c)). Moreover, "the trial court is required at the time of sentencing to allow a defendant pretrial jail credit[s]. The [Department of Correction] is powerless to change what the trial court awarded or failed to award." *Id*. (citing *State v. Greg Smith*, No. E2003-01092-CCA-R3-CD, 2004 WL 305805, at *2 (Tenn. Crim. App. Feb. 18, 2004) (Tipton, J., concurring)). Therefore, petitioner's claim that he is entitled to relief because the trial court failed to award pretrial jail credits that he earned pursuant to section 40-23-101(c) is cognizable in a habeas corpus petition.

Tennessee Code Annotated section 40-23-101 provides, in pertinent part:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

"'The language [of Code section 40-23-101(c)] leaves no room for discretion, and when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary.'" *Tucker*, 335 S.W.3d at 123 (quoting *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965)) (alteration in original). Thus, pursuant to the statute, a pretrial detainee has "an absolute right to credit for time in jail" spent in pretrial incarceration *arising out of the original offense for which he was convicted*. *Id.* (citing *Trigg v. State*, 523 S.W.2d 375, 375 (Tenn. Crim. App. 1975)). "It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." *Id.* (quoting *Trigg*, 523 S.W.2d at 376). "Thus, the trial court is statutorily required to credit the defendant with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged convictions." *Id.* However, this court has repeatedly rejected "double dipping" for credits from incarceration for two separate and unrelated charges. *State v. Jermain Sean Lipford*, No. M2012-00137-CCA-R3-CD, 2012 WL 4327207, at *2 (Tenn. Crim. App. Sept. 19, 2012).

Petitioner challenges the following dates of incarceration, claiming that the trial court failed to award pretrial credits for each period. Based on the petitions for writ of habeas corpus, the judgment forms, the case docket history reports, and the Montgomery County Sheriff's Office incarceration report for petitioner, we glean the following pertinent dates of incarceration and reasons therefor:

| Challenge Number: | Case Number | Date In: | Date Out: | Total Days: | Reason: |
|---|---|---|---|---|---|
| 1 | -0007 | 1/5/06 | 1/5/06 | 1 | Date of arrest; posted bond |
| 2 | unrelated | 4/5/07 | 4/5/07 | 1 | Arrested for agg. burglary; posted bond |

| 3 | unrelated | 4/17/07 | 4/17/07 | 1 | Arrested for disorderly conduct; posted bond |
|---|---|---|---|---|---|
| 4 | -0007 | 6/29/07 | 6/29/07 | 1 | VOP[2] warrant served; posted bond |
| 5 | unrelated & -0007 | 10/13/08 | 11/25/08 | 43 | Arrested on new charges; VOP warrant served (11/7/08); posted bond |
| 6 | unrelated | 12/30/08 | 12/30/08 | 1 | Arrested for possession of a controlled substance; posted bond |
| 7 | -0007 | 1/22/09 | 1/23/09 | 2 | Amended VOP warrant; Posted Bond |
| 8 | -0303 | 3/7/09 | 3/10/09 | 3 | Date of Arrest; Posted Bond |
| 9 | -0007 | 4/3/09 | 4/3/09 | 1 | Amended VOP warrant; Posted Bond |
| 10 | unrelated | 7/7/09 | 10/14/09[3] | 99 | Arrested for simple possession of a controlled substance |
| 11 | -0303 | 3/24/10 | 5/11/10 | 48 | Jury Verdict-Guilty; Bond Revoked |

Referring to the numbering as set forth in the table above, we note as a preliminary matter that petitioner included all eleven of his challenges in his petition for writ of habeas corpus and appeal in case number -0007 and listed his eighth, ninth, tenth, and eleventh challenges in his petition and appeal in case number -0303. We surmise that by including the challenges in both petitions and appeals, petitioner is under the mistaken assumption that pre-trial jail credits must be awarded in every case he had pending, regardless of the reason for the incarceration. This, of course, is false. *See Jermain Sean Lipford*, 2012 WL 4327207, at *2. We will now address each challenged period of incarceration in turn.

Petitioner's challenges numbered one, eight, and eleven all involve periods of incarceration for which the trial court awarded pre-trial jail credits in either -0007 or -0303. As noted above, the sentences in case numbers -0007 and -0303 were to be served

---

2 We will abbreviate proceedings related to petitioner's violation of his probation as "VOP" herein.

3 This date was supplied by petitioner in his petition for relief. The Montgomery County Sheriff's Department incarceration report that petitioner appended to his petition was printed on August 2, 2009, and therefore does not bear a date of release for this period of incarceration. There is no independent verification of this date contained in the record.

consecutively; therefore, he is not entitled to "double dip" and receive credits in both cases. Petitioner is not entitled to further relief on these complaints. Challenge numbers two, three, five,[4] six, and ten involve periods of incarceration arising from arrests for additional *new* charges that are unrelated to the cases addressed in these appeals. He is not entitled to jail credits in these cases for those unrelated incarcerations. *Id.*

We note that the only periods of incarceration that cannot be summarily addressed herein are his fourth, seventh, and ninth complaints, each involving a one- or two-day incarceration following being served with a violation of probation warrant or amended warrant and posting bond in relation to case number -0007. The original judgment in -0007 reflected one day of pre-trial credits. However, the record reflects that on April 5, 2012, the trial court issued an order correcting petitioner's pre-trial jail credits in that case. On April 23, 2012, petitioner filed a pro se motion asking the trial court to again adjust his pre-trial jail credits. In denying petitioner's second motion, the trial court noted, "This motion is denied. Accuracy of the sentence credits previously reviewed and agreed upon by State and defense counsel." Our review of the record indicates that petitioner failed to include a copy of the amended calculation of pre-trial credits for our review. Thus, we are unable to conduct a review of the propriety of the pre-trial jail credits for those four remaining days. Petitioner bears the burden of preparing a record that "conveys a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal." *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005) (quoting Tenn. R. App. P. 24(b)). In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence. *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citing *Vermilye v. State*, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)).

## CONCLUSION

Following our extensive review of the record, the briefs of the parties, and the applicable legal authority, we affirm the judgments of the habeas corpus court.

_____
ROGER A. PAGE, JUDGE

---

[4]    To be clear, petitioner's fifth challenge involves his garnering new charges for possession of a controlled substance, a weapons violation, and criminal trespass, none of which are related to these cases. However, during his period of incarceration on the unrelated charges, he was also served with a probation violation warrant in case number -0007.