IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2024

**STATE OF TENNESSEE v. DONTELL DEWAYNE SAWYERS**

**Appeal from the Criminal Court for Davidson County**
**No. 2016-D-2047    Jennifer Smith, Judge**

_____

**No. M2023-01781-CCA-R3-CD**

_____

The Defendant, Dontell Dewayne Sawyers, appeals the Davidson County Criminal Court's summary denial of his motion to correct clerical errors in his judgment of conviction pursuant to Tennessee Rule of Criminal Procedure 36. The State responds that the Defendant has waived his claims because he failed to prepare an adequate record on appeal. Based on our review, we agree with the State and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and MATTHEW J. WILSON, JJ., joined.

Dontell Dewayne Sawyers, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Katherine Orr, Assistant Attorney General; Glenn R. Funk, District Attorney General; and D. Paul DeWitt, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In November 2016, the Davidson County Grand Jury returned a twelve-count indictment, charging the Defendant with evading arrest, resisting arrest, and multiple drug and weapon offenses. All of the crimes allegedly occurred on May 25, 2016.

On July 7, 2017, the Defendant pled guilty to one count of possession of heroin with intent to sell, a Class B felony. Pursuant to the plea agreement and *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997), he received a ten-year out-of-range sentence to be served at thirty-five percent release eligibility. The judgment of conviction reflects that the

Defendant was to serve the sentence consecutively to three previous sentences.[1]  In the space provided for pretrial jail credits on the judgment form was written, in large capital letters, "NO J/C," apparently meaning "No Jail Credits."

On July 20, 2023, the Defendant filed a "MOTION TO CORRECT CLERICAL MISTAKE PURSUANT TO TENN. R. CRIM. PROC., RULE 36."  In the motion, the Defendant claimed that the trial court should correct his judgment form to show that he was to receive four hundred seven days of pretrial jail credits from May 25, 2016, to July 7, 2017, and that he was entitled to one hundred four days of pretrial behavior credits.

On November 27, 2023, the trial court entered a brief order, providing as follows:

> This matter comes before the Court on the Defendant's pro se "Motion to Correct Clerical Mistake" pursuant to Tennessee Rules of Criminal Procedure 36.  This is not the Defendant's first motion for correction of sentence filed in this case.  He filed two motions previously requesting this relief on February 26, 2018 and May 18, 2020.  Orders denying those motions were entered on March 25, 2019 and June 30, 2020.  The findings of fact and conclusions of law stated in those orders are hereby incorporated by reference.  After reviewing Defendant's motion, case history, and applicable law, the Court concludes that the motion shall be DENIED without a hearing as the Defendant has again failed to state a colorable claim.

## ANALYSIS

The Defendant contends that the trial court misconstrued his Tennessee Rule of Criminal Procedure 36 motion to correct clerical errors as a Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence and that we should remand the case to the trial court and direct that court to enter a corrected judgment to reflect his pretrial jail credits and pretrial behavior credits.  The State argues that the Defendant has waived his claims because he failed to prepare an adequate record on appeal.  Specifically, the State argues that the Defendant did not include the transcripts of his guilty plea or sentencing hearings in the appellate record, which precludes this court from determining "whether there was an error in reducing the oral pronouncements to writing" and whether the awarding of pretrial jail credits was part of his negotiated plea agreement.  The State further argues that the appellate record is inadequate because the trial court incorporated by reference its findings of fact and conclusions of law from two previous orders but the Defendant failed to include those orders in the appellate record.

---

[1] The Defendant claims in his brief that he was on probation for a 2013 conviction when he was arrested in this case.

- 2 -

Tennessee Code Annotated section 40-23-101(c) governs the award of pretrial jail credits and provides that:

> [t]he trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

However, "[i]t is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." *Trigg v. State*, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975). Tennessee Code Annotated section 41-21-236(e) provides that a Defendant also may earn sentence reduction credits for good behavior for the time incarcerated prior to imposition of the sentence.

Our supreme court has held that while a trial court's failure to award pretrial jail credits to which a defendant is statutorily entitled may affect the length of time the defendant is incarcerated, it does not render the sentence illegal and, therefore, does not establish a "colorable claim" for relief pursuant to Rule 36.1. *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). Instead, a trial court's failure to award pretrial jail credits is a clerical error that is corrected pursuant to Tennessee Rule of Criminal Procedure Rule 36. *Id*. Rule 36 states:

> After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission. Upon filing of the corrected judgment or order, or upon the court's denial of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36. We review a trial court's ruling on a Rule 36 motion under an abuse of discretion standard. *Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014).

- 3 -

Initially, we note that there is no space on a judgment form for pretrial behavior credits, and the Defendant does not cite to any authority that those credits must appear on a judgment. *See State v. Green*, No. E2020-00968-CCA-R3-CD, 2021 WL 5578142, at *4 (Tenn. Crim. App. Nov. 30, 2021) (Williams, J., concurring). In any event, "while a trial court can award pretrial jail credits, sentence reduction credits 'are governed solely by the Department of Correction.'" *State v. Lester*, No. M2016-00700-CCA-R3-CD, 2017 WL 253165, at *2 (Tenn. Crim. App. Jan. 17, 2017) (quoting *Yates v. Parker*, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012)); *see Green*, 2021 WL 5578142, at *3 (stating that "[t]he trial court has authority pursuant to Rule 36 to amend the judgments with regard to pretrial jail credits but it does not have such authority with regard to sentence reduction credits."). Therefore, such credits "must be reviewed pursuant to the Uniform Administrative Procedures Act." *State v. Moore*, No. W2016-02601-CCA-R3-CD, 2017 WL 4051268, at *2 n.1 (Tenn. Crim. App. Sept. 13, 2017) (quoting *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009), *overruled on other grounds by Brown*, 479 S.W.3d at 213).

Regarding the Defendant's pretrial jail credits, the Defendant attached to his pro se motion an Inmate Charge Summary from the Davidson County Sheriff's Office, which showed that he was admitted to jail on May 25, 2016, and his TOMIS[2] Offender Sentence Letter, dated April 11, 2023, which showed that he did not receive any pretrial jail or pretrial behavior credits. However, "[t]o determine whether a clerical error has been made, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements." *Brown*, 479 S.W.3d at 213 (citing *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991)). As noted by the State, the Defendant did not include his guilty plea or sentencing hearing transcripts in the appellate record. Without the transcripts, the Defendant cannot show that the judgment incorrectly reflects the sentence ordered by the trial court.

Additionally, although the Defendant claims that the trial court misconstrued his motion to correct clerical errors as a motion to correct an illegal sentence, the trial court's brief order incorporated by reference its findings of fact and conclusions of law from two previous orders, but the Defendant failed to include those orders in the appellate record. "It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transcribed in the trial court with respect to the issues which form the basis of the appeal." Tenn. R. App. P. 24(b); *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citing *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987)). In the absence of an adequate record, we generally presume that the trial court's ruling was correct. *See Oody*, 823 S.W.2d at 559. Therefore, without the transcripts and

---

[2] TOMIS is the acronym for Tennessee Offender Management Information System. *Eblen v. Genovese*, No. W2021-01090-CCA-R3-HC, 2022 WL 872713, at *1 (Tenn. Crim. App. Mar. 24, 2022).

orders, the Defendant cannot show that the trial court erred by summarily denying his motion.

## **CONCLUSION**

Based on our review, we affirm the judgment of the trial court.


_____
JOHN W. CAMPBELL, SR., JUDGE